BROWN v. WOFFORD. (No. 5375.)

(Court of Civil Appeals of Texas. Austin. May 13, 1914.)

APPEAL AND ERROR (§ 80*)—DECISIONS REVIEWABLE—FINALITY OF JUDGMENT—DETERMINATION OF CROSS-ACTION.

Where defendant filed a plea in reconvention for more than the amount of plaintiff's claim, a judgment for the plaintiff for the full amount of his claim, which did not mention the defendant's cross-action, was not a final judgment from which an appeal would lie, since it did not dispose of all the issues in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from Leon County Court; L. T. Dashiell, Judge.

Action by T. H. Wofford against T. W. Brown. From a judgment for the plaintiff in the county court upon appeal from a jus-

tice court, the defendant appeals. Appeal dismissed.

Wm. Watson and Joe H. Seale, both of Centerville, for appellant. Jas. T. Ryan, of Centerville, for appellee.

KEY, C. J. T. H. Wofford brought this suit against T. W. Brown, seeking to recover a balance of $74.90, alleged to be owing upon a contract for the construction of a building. The defendant filed a plea in reconvention for more than $100. The court submitted to the jury both claims, the one asserted by the plaintiff against the defendant, and the other asserted by the defendant against the plaintiff, and the jury returned a verdict for the plaintiff for $74.90, but did not mention in the verdict the claim asserted by the defendant. Upon that verdict the court rendered a judgment for the plaintiff against the defendant and the sureties upon his appeal bond filed in the justice's court for $74.90, but which judgment in no wise disposes of or mentions the counterclaim asserted by the defendant and litigated before the court and jury.

The jurisdiction of this court is limited to cases in which a final judgment has been rendered in the trial court; and it is well settled that a judgment which does not dispose of all of the parties to the suit, and of all of the issues in litigation, is not a final judgment and will not support an appeal. See Bryant v. Moore, this day decided by this court, and the authorities therein referred to. Linn v. Arambould, 55 Tex. 611. As the judgment from which this appeal is prosecuted does not dispose of the cause of action asserted by the defendant, we feel compelled to hold that it is not a final judgment, and therefore this court is without jurisdiction to entertain the appeal. If it be conceded that the verdict of the jury, when considered in connection with the charge of the court, should be held to dispose of all of the issues, the fact remains that the judgment does not dispose of the issue presented by the cross-action.

Appeal dismissed.