ANDERSON, EVANS & EVANS v. SMITH.
(No. 5374.)

(Court of Civil Appeals of Texas. Austin. May 20, 1914.)

1. JUSTICES OF THE PEACE (§ 146*)—FINAL JUDGMENT—APPEAL.

Where a judgment of a justice's court did not dispose of a plea in reconvention, the county court had no jurisdiction on appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 490–492; Dec. Dig. § 146.*]

2. APPEAL AND ERROR (§ 84*)—FINAL JUDGMENT—JURISDICTION.

Where a judgment of the county court on appeal from a judgment of a justice of the peace did not dispose of a plea in reconvention,

the judgment was not final, and the Court of Civil Appeals acquired no jurisdiction on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 528–547; Dec. Dig. § 84.*]

Appeal from Leon County Court; L. T. Dashiell, Judge.

Action by Perry Smith against Anderson, Evans & Evans. From a judgment for plaintiff rendered by the county court on appeal from a justice's judgment, defendants appeal. Dismissed.

Joe H. Seale, of Centerville, for appellants. Wm. Watson, of Centerville, for appellee.

JENKINS, J. Appellee brought this suit in the justice's court in Leon county against F. Y. Timmons for $107.82, claimed to be due partly for rent and partly for supplies furnished, and against Anderson, Evans & Evans for $140, alleged to be due by reason of the conversion of two bales of cotton, upon which he had a landlord's lien. Timmons answered in the justice's court, and, in addition to a general denial, alleged that appellee agreed to furnish teams, tools, and feed necessary to work his crop, and that he had failed to do so, to defendant's damage $75; also, that appellee agreed to furnish two milk cows, and that he had failed to do so, to defendant's damage $25; also, that appellee had damaged his crop to the amount of $30 by allowing his stock to run in the field.

We quote from the judgment in the justice's court as follows:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, P. I. Smith, do have and recover of the defendant F. Y. Timmons the sum of $177.82, together with interest at the rate of 6 per cent. per annum from the 1st of November, 1909, and all costs of suit in this behalf expended, for which let execution issue. * * * It further appearing to the court that said defendants J. E. Anderson, Ed. L. Evans, and R. H. Evans, composing the firm of Anderson, Evans & Evans, * * * have illegally converted to their own use two bales of lint cotton, of the value of $140, grown by the defendant Timmons, or by some person under him on the premises rented by him from plaintiff during the year 1909. It is therefore ordered, adjudged, and decreed by the court that plaintiff, P. I. Smith, do have and recover of the defendants Anderson, Evans & Evans the sum of $140, together with interest at the rate of 6 per cent. per annum from the 1st day of November, A. D. 1909, and that plaintiff do have and recover of and from the defendants F. Y. Timmons and Anderson, Evans & Evans all costs in this behalf expended, and that execution issue."

We quote from the judgment in the county court as follows:

"It is therefore ordered, adjudged, and decreed by the court that the said plaintiff, Perry Smith, do have and recover of the defendant F. Y. Timmons the sum of $75.32, and from the defendants J. E. Anderson, Ed. L. Evans, and R. H. Evans, composing the firm of Anderson, Evans & Evans, the sum of $54.82, in case the said F. Y. Timmons fails and refuses to pay off and satisfy the judgment herein rendered against him; and that said Anderson, Evans & Evans do have and recover of

the said F. Y. Timmons the said sum of $54.82 and all costs of suit in this behalf expended, for which let execution issue; and that said Perry Smith do also have and recover of the said F. Y. Timmons interest at the rate of 6 per cent. per annum from the 21st day of April, 1910, on the said $75.32, and from the said Anderson, Evans & Evans interest on the said sum of $54.82 at 6 per cent. per annum from the 21st day of April, 1910."

Judgment was also rendered against each of said parties as principal and against their sureties on the appeal bond for the sum of $75.32.

[1, 2] It will be seen from the above that neither the judgment in the justice's court nor the judgment in the county court disposed of the defendant Timmon's plea in reconvention, for which reason the county court had no jurisdiction to try this cause. And for the further reason that, there being no final judgment in the county court, this court is without jurisdiction to render judgment on this appeal; therefore the appeal herein is dismissed. See Bryant v. Moore and Brown v. Wofford, 167 S. W. 764, decided at the present term of this court, and not yet reported.

Appeal dismissed.