ROUSER v. HOGUE et al.   (No. 619.)

(Court of Civil Appeals of Texas. El Paso. Nov. 2, 1916.)

APPEAL AND ERROR ☞79(1)—DECISIONS REVIEWABLE—FINAL JUDGMENT.

In an action against the owner by sureties on contractors' bonds, who also sought recovery against the architect, a judgment which did not dispose of that contention, nor of the contractors' claim against the architect, is not final, and no appeal therefrom will lie.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484, 486–493; Dec. Dig. ☞79(1).]

Appeal from District Court, Anderson County; John S. Prince, Judge.

Action by George A. Wright and another against Mrs. Mattie Rouser, E. H. Hogue, and others. From the judgment, the first-named defendant appeals. Appeal dismissed.

Wilcox & Graves and Sansom & Metcalfe, all of Georgetown, for appellant. Gregg & Brown, Gardner, Campbell & Sewell, and A. G. Greenwood, all of Palestine, for appellees.

HIGGINS, J. Hogue & Crawford, builders, entered into a contract with appellant, whereby they agreed to build a house for her according to plans and specifications prepared by A. O. Watson, architect, and under the supervision of said architect. To secure the due performance of their contract, they gave bond with Geo. A. Wright and John R. Hearne as sureties. When the building was partially completed, the builders abandoned the work and the contract was completed by the sureties. Thereafter the sureties sued Mrs. Rouser, Watson, Hogue, and Crawford to recover an indebtedness alleged to have arisen out of the transactions between the parties. In view of the disposition made of this appeal, it is unnecessary to set forth the particular nature of the claims and issues raised by the plaintiff's petition and the counterclaims and cross-actions of the various. defendants. Hogue & Crawford filed a cross-action against Mrs. Rouser for $440.86 for extra work done by them under their contract prior to its abandonment. They also filed a cross-action against Watson seeking to recover one-half the cost of certain extra work done upon the building under an agreement alleged to have been made by Watson to pay one-half the expense thereof. Mrs. Rouser set up various counterclaims and filed cross-actions against the contractors, the sureties, and the architect.

Upon trial judgment was entered as follows: In favor of Wright and Hearne against appellant for $1,665.71, with foreclosure of lien; in favor of Mrs. Rouser against Watson for $1,560.98; in favor of Hogue & Crawford against Mrs. Rouser for $294.26. The decree further recited and declared a severance of the issues raised by Wright and Hearne against Hogue & Crawford.

From the statement made, it is apparent that no disposition has been made of the suit by Wright and Hearne against Watson, nor of Hogue & Crawford's cross-action against Watson. The judgment is therefore not final, and an appeal therefrom does not lie. This appeal must therefore be dismissed. Finnigan-Brown Co. v. Escobar, 179 S. W. 1127.

There are other issues in the case of which no direct disposition has been made, though possibly disposed of by necessary implication. In that connection, we quote the language of the Supreme Court in Trammel v. Rosen, 106 Tex. 132, 157 S. W. 1161, as follows:

"Every final judgment should plainly, explicitly, and specifically dispose of each and every party to the cause, and of each and every issue therein presented by the pleadings."

Dismissed.