JASPER et al. v. MAYS MFG. CO. et al.

No. 3637.

Court of Civil Appeals of Texas. Beaumont.

April 4, 1940.

W. M. Harmon, of Waco, Jeff Cochran, of Cleveland, T. F. Green, Jr., of Conroe, Thos. A. Wheat, of Liberty, and Pitts & Liles, of Conroe, for appellants.

W. R. Horrell, of Cold Springs, and John O. Douglas, of Houston, for appellees.

COMBS, Justice.

This suit involves title to several tracts of land in San Jacinto County, Texas. The trial court sustained defendants' pleas in abatement on the ground that plaintiff, Mays Manufacturing Company, an Arkansas corporation, was engaged in business in Texas without a permit and hence could not maintain the suit. The trial court of its own motion also dismissed the cross-actions of the defendants and all parties have appealed from that order. Attorneys for the appellants, L. O. Jasper et al., have made an accurate and succinct statement of the case in their brief from which we quote as follows:

"There were three separate and distinct suits filed, the first of which is styled Ed Mays v. Mrs. Lizzie Boys et al., No. 4332, in the District Court of San Jacinto County, Texas. In this suit the Mays Manufacturing Company filed its petition of intervention. The second suit was styled Mays Manufacturing Company v. L. O. Jasper et al., No. 4359, in the District Court of San Jacinto County, Texas. The third suit was styled Mays Manufacturing Company v. J. E. Eason et al., No. 4363, in the District Court of San Jacinto County, Texas.

"In the Jasper case and the Eason case, the plaintiff was the Mays Manufacturing Company, a corporation organized under the laws of the State of Arkansas. However, in the Boyd case, Ed Mays, as an individual, was the plaintiff, and the Mays Manufacturing Company intervened in the cause.

"Thereafter, the defendants in the Jasper and Eason cases each filed a plea in abatement to the plaintiff's cause of action, alleging that the plaintiff was a foreign corporation doing business in the State of Texas without a permit to do business. At the same time, the defendants in the Boyd case filed a similar plea in abatement to the intervention of the Mays Manufacturing Company.

"Each of the defendants in the three cases filed a cross-action over and against the plaintiffs in each case, and in the Boyd case the intervenor was made a cross-defendant to said cross-action. Ed Mays and the Mays Manufacturing Company both waived service on the cross-action and entered their appearance, or else filed their answer to the cross-action.

"Thereafter all three cases were consolidated upon agreement of the parties insofar as the bearing upon the pleas in abatement were concerned.

"Thereafter on September 19, 1939, the pleas in abatement were heard, and by the Court sustained. However, the plaintiffs and intervenors, Mays Manufacturing Company, and Ed Mays did not appeal from such order at the same time all three cases were dismissed in their entirety; the order of dismissal being done on the action of the Court, and not by any of the parties thereto. From this order of dis-

missal all of the original defendants, the cross-plaintiffs, have appealed to this court."

## Opinion.

■ The sustaining of the defendants' several pleas in abatement to the suit of the Mays Manufacturing Company did not affect the right of the defendants to prosecute their cross-action against said company. It has been repeatedly held by our courts that where a plaintiff dismisses his suit, or where as here the court dismisses it, such dismissal will not deprive a defendant of his right to an adjudication on the merits of his cross-action theretofore filed and with respect to which the plaintiff is before the court. In such case the plaintiff simply assumes the defensive position and the defendant becomes the plaintiff on his cross-action. Cunningham v. Wheatly, 21 Tex. 184; Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172; Barrier v. Lowery, 118 Tex. 227, 11 S.W.2d 298, 13 S.W.2d 688; 38 Tex. Jur. 411.

■ The trial court was evidently of the view that since the Mays Manufacturing Company, an Arkansas corporation having no permit to do business in Texas, was denied by the statute (Vernon's Ann. Civ.St. art. 1536) the right to prosecute the action which it had brought, the defendants were also denied the right to prosecute a cross-action against it. This was error. The fact that the Mays Manufacturing Company could not prosecute its cause did not prevent it from being sued as a defendant nor hinder it from defending this suit which involved title to property it claims in Texas. Jordan v. Grandfield Bridge Company, Tex.Civ.App., 290 S.W.

866; Atcheson v. Modern Woodmen of America, Tex.Civ.App., 262 S.W. 876; Bankers' Trust Co. v. Cooper, Merrill & Lumpkin, Tex.Civ.App., 179 S.W. 541; Banco Minero v. Ross & Masterson, Tex. Civ.App., 138 S.W. 224; 11 Tex.Jur. 170.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.