M. V. DAVIS v. McCRAY REFRIGERATOR SALES CORPORATION.

No. 7801.  Decided April 9, 1941.
Rehearing Overruled May 7, 1941.
(150 S. W., 2d Series, 377.)

*Graves & Collins,* of Fort Worth, for plaintiff in error.

As the judgment does not dispose of defendant's cross action or any of the affirmative prayers of the defendant, it is not a final judgment and will not support an appeal. Chambers v. Jones, 101 S. W. (2d) 936; Clary Lbr. Co. v. Patterson, 28 S. W. (2d) 825; Kosse Natl. Bank v. Derden, 36 S. W. (2d) 295.

*Greathouse & Swanger,* of Fort Worth, for defendant in error.

In sustaining a plea in abatement that plaintiff was a foreign corporation and did not have a permit to do business in Texas was a judgment dismissing the cause and not one that plaintiff take nothing, and the court having tried the cause on its merits, the verdict of the jury entitled plaintiff to its debt and foreclosure. S. W. Smyth Co. v. Fort Worth Glass & Sand Co., 142 S. W. 1157; Ragness v. Oliver, 26 S. W. (2d) 357; W. W. Kimball Co. v. Parsons, 49 S. W. (2d) 821.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Plaintiff sued defendant for the balance of the purchase price of a refrigerator and to foreclose a lien thereon. The defendant filed a plea in abatement to plaintiff's suit, on the ground that plaintiff was a foreign corporation without a permit to do business in Texas. The defendant also filed a cross-action to cancel plaintiff's debt and lien, and for judgment for the sum of $469.62, representing that part of the purchase price of the refrigerator previously paid by him, and the sum of $59.78 damages for merchandise lost for lack of proper refrigeration. The trial judge announced that he would hear the plea in abatement and the merits of the case together. After the jury had returned its verdict the court sustained the plea in abatement and dismissed plaintiff's suit. The judgment in no wise referred to or attempted to dispose of defendant's cross-action. Plaintiff appealed.

It is a well settled rule in Texas, with certain statutory exceptions not here involved, that an appeal will lie only from a final judgment, and that a judgment in order to be final must dispose of all parties and of all issues involved in the suit. 3 Tex. Jur. 114. It is not essential that the judgment in express

terms specifically dispose of each issue. That it does dispose of a particular issue may be inferred from other provisions thereof, provided such an inference follows as a necessary implication. Trammell v. Rosen, 106 Texas 132, 157 S. W. 1161. The judgment in this case does not expressly dispose of the defendant's cross-action, nor does it do so by necessary implication. The mere dismissal of plaintiff's suit did not have the effect of dismissing or otherwise disposing of the defendant's cross-action. Barrier v. Lowery, 118 Texas 227, 13 S. W. (2d) 688, par. 1; Texas & P. R. Co. v. Fort Worth Street Ry. Co., 75 Texas 82, 12 S. W. 977; Jasper v. Mays Manufacturing Co., 139 S. W. (2d) 895; Jungbecker v. Huber, 101 Texas 148, 105 S. W. 487; 15 Tex. Jur. 291. This is so because if the court had intended to merely sustain the plea in abatement and dismiss plaintiff's suit, and had intended to retain the defendant's cross-action for further consideration, it would have entered the very judgment that was entered in this case. The mere failure of the judgment to refer to defendant's cross-action was not sufficient in itself to raise an inference that it was thereby intended to dispose of the cross-action. In other words, where the court dismisses plaintiff's suit, and does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action expressly or by implication, and is therefore not such a final judgment as will authorize an appeal therefrom. 3 Tex. Jur., p. 121, sec. 58; 4 C. J. S., p. 190, sec. 95; Southern Trading Co. of Texas v. Feldman (Com. App.), 259 S. W., p. 566, par. 2; American Road-Mach. Co. v. City of Crockett, 49 S. W. 251; Anderson, Evans & Evans v. Smith, 167 S. W. 765; Minnock v. Garrison, 144 S. W. (2d) 328; National Radio Exchange v. Calhoun, 52 S. W. (2d) 946; Kosse National Bank v. Derden, 36 S. W. (2d) 295; Rouser v. Hogue, 189 S. W. 349; Nunez v. McElroy, 184 S. W. 531; Partridge v. Wooton, 137 S. W. 412; Brown v. Wofford, 167 S. W. 764; Nalle v. Harrell, 118 Texas 149, 12 S. W. (2d) 550.

The appeal in this case was from an order entered on July 26, 1939. We find among the papers in the case a supplemental transcript in which it is recited that on November 6, 1939, at a subsequent term of court, the court entered a nunc pro tunc order in which the previous judgment of date July 26, 1939, was withdrawn and a new judgment entered dismissing plaintiff's suit and denying defendant any recovery on his cross-action. However, the appeal in this case was not from the nunc pro tunc order of date November 6, 1939. The appeal bond was filed on August 17, 1939, long before the entry of the nunc pro

tunc order, and recites that the appeal was taken from the judgment of date July 26, 1939.

· It is well settled in this State that when a judgment is pronounced at one term and not entered of record at that term but is entered nunc pro tunc at the succeeding term, the right of appeal from such nunc pro tunc order dates from the entry thereof. Peurifoy v. Wiebusch, 125 Texas 207, 82 S. W. (2d), p. 624, par. 1, and authorities there cited; Partridge v. Wooton, 137 S. W. 412, 414. It is also well settled that an appeal bond filed at a previous term of court, and prior to the entry of the nunc pro tunc order at a subsequent term of court, is premature and ineffective to perfect an appeal from such nunc pro tunc order. Cooper v. Carter, 233 S. W. 1020; Burnette v. Miracle, 295 S. W. 214; Gilmore v. Ladell, 34 S. W. (2d) 919; Stinnett v. Dudley, 277 S. W. 801; Shields v. Amicable Life Insurance Co., 287 S. W. 293; Panhandle Construction Co. v. Lindsey, 123 Texas 613, 72 S. W. (2d) 1068; Texas & N. O. R. Co. v. Texas Tram & Lumber Co., 110 S. W., p. 140, par. 1. Consequently it cannot be said that the appeal in this case was from the nunc pro tunc order of date November 6th, in which the defendant's cross-action was for the first time disposed of.

Since the judgment sought to be appealed from did not dispose of the defendant's cross-action, and was therefore not a final judgment, the Court of Civil Appeals acquired no jurisdiction of the appeal.

The judgment of the Court of Civil Appeals is reversed, and the appeal is dismissed.

Opinion delivered April 9, 1941.