## STANOLIND OIL & GAS CO. et al. v. SKLAR OIL CO. et al.

### No. 3947.

Court of Civil Appeals of Texas. Beaumont.

Jan. 6, 1944.

Rehearing Denied April 12, 1944.

Turner, Rodgers & Winn, of Dallas, Powell, Rauhut & Gideon, of Austin, and W. W. Prior, of Dallas, for appellants.

Wheeler & Wheeler, of Austin, Grover Sellers, Atty. Gen., and Angus G. Wynne, of Longview, for appellees.

COE, Justice.

This is a consolidated cause in which cause No. 3921, styled Sklar Oil Company, Appellant, v. Stanolind Oil & Gas Company et al., Appellees, has been consolidated with cause No. 3947, styled Stanolind Oil & Gas Company et al., Appellants, v. Sklar Oil Company et al., Appellees.

These cases have been transferred to this court from the Court of Civil Appeals at Austin, Texas, by order of the Supreme Court.

Each is a Rule 37 case.

In the interest of brevity, we will refer to the Sklar Oil Company as Sklar, the Railroad Commission as Commission, Sun Oil Company as Sun, Tidewater Associated Oil Company as Tidewater, the Stanolind Oil & Gas Company as Stanolind, and Shell Oil Company, Incorporated, as Shell.

We will first consider the questions involved in original cause No. 3921.

On December 21, 1940, the Commission, over the protest of Stanolind and Tidewater, granted to Sklar a permit to drill well No. 2 on its 3.34-acre tract, a portion of a 10-acre tract in the Dolores Sanchez Survey in Gregg County, Texas, in the East Texas Oil field. On December 28, 1940, Stanolind and Tidewater filed a suit in the 126th District Court of Travis County, Texas, to set aside that permit. Sun intervened in that cause. On January 6, 1941, Shell filed a motion for a rehearing before the Commission in the matter of the Sklar permit for well No. 2 and the Commission, on January 10, 1941, granted said motion. On January 20, 1941, Sklar filed an amended answer and cross action in the suit referred to above, naming the Commission, Stanolind, Tidewater and Sun as cross defendants, alleging that the Railroad Commission of Texas was threatening to grant a rehearing on their order of December 21, granting to Sklar its permit; that the Commission had lost jurisdiction of such order because no motion for rehearing was filed within 15 days from the date of the entry of such order in accordance with the rule of the Commission of date January 3, 1940, and alleging that their permit of December 21, 1940, had become a final order and was binding on all parties, and prayed that same be upheld by the court as a valid order of the Commis-

sion, and further prayed for an injunction restraining and enjoining the Commission, and its members, from holding a rehearing upon its application for a permit to drill said well, and that their order of January 10, 1941, granting the motion of Shell for a rehearing be set aside and held for naught. Said cross action was answered by Stanolind, Tidewater and Sun.

On January 23, 1941, the Commission filed a motion to dismiss the original suit of Stanolind and Tidewater and the intervention of Sun, and the cross action of Sklar in so far as it affected the Commission, and on January 23, 1941, the trial court entered its judgment dismissing appellees' suit in which they attacked the permit of December 21, 1940, and the cross action of Sklar, in so far as it applied to the Commission. However, no disposition was made of the cross action as to appellees unless it was by implication. Sklar excepted and gave notice of appeal and the matter is now before this court for its determination.

At the outset we are confronted with a motion of appellees to dismiss this cause on the grounds, (1) that the issues involved in this appeal are moot, and (2) that the judgment appealed from is not a final judgment.

█ It appears from the record in this cause that after the trial court dismissed the cross action of Sklar that the Commission proceeded to have a rehearing on Sklar's application for a second well on its 3.34-acre tract and on such rehearing again granted to Sklar the permit for a second well. That being true, it follows that the very thing that Sklar was attempting to prevent the Commission from doing has in fact long since been done, therefore, the issues involved in Sklar's cross action as to any relief sought against the Railroad Commission is now a moot issue and one with which the court will not be concerned. City of West University Place v. Martin, 123 S.W. (2) 638.

█ We are also of the opinion that in as much as Tidewater, Sun and Stanolind were proper parties to Sklar's cross action, and whose property rights would have been affected had Sklar's prayer been granted by the court, that in order for the judgment of the court to be a final judgment that it should have disposed of the cross action as to such parties. Not having done so we are of the opinion that this appeal is premature on that phase of the case and

that the same should be dismissed. Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377.

Next we will consider the matters involved in the cause originally numbered 3947.

Original cause No. 3947, styled Stanolind Oil & Gas Co., et al., Appellants, v. Sklar Oil Company et al., Appellees, is an appeal from a judgment of the 126th District Court of Travis County, upholding the validity of a drilling permit issued by the Commission to Sklar, authorizing the drilling of a second well as an exception to spacing Rule 37 on a tract of 3.34 acres, a portion of a 10-acre tract in the East Texas oil field. On May 19, 1941, on a trial on the merits, the trial court entered a judgment upholding the validity of Sklar's permit, from which judgment the appellants have perfected their appeal.

The original 10-acre tract, which Sklar's 3.34 acres is a part, has, since the discovery of oil, been divided into three tracts of approximately equal parts. Sklar owned an oil and gas lease on the west 3.34 acres, John Thomas a similar lease on the middle approximately one-third, and the Shell Oil Company a similar lease on the east approximately one-third of said 10-acre tract. Stanolind and Tidewater owned jointly the 20 acre Magrill tract adjoining the combined 10 acres on the south, Stanolind owned the 41.99-acre Dollahite lease adjoining the 10 acres on the west, appellant also owned the 21.22 acres portion of the Denson tract lying east of and adjoining the east end of the 10-acre tract.

On August 16, 1940, each of the three portions of the 10-acre tract had one well producing oil. On that date John Thomas made application for another well on his tract. Stanolind, Tidewater and Shell protested the granting of such permit. The Commission, on October 11, 1941, granted Thomas' permit for a second well on his tract, whereupon the protestants filed suit in the district court of Travis county on October 11, 1940, to cancel said permit, and on November 12, 1940, a judgment of the 98th District Court was entered cancelling Thomas' permit, without prejudice for Thomas to reapply to the Commission to rehear and re-act upon his application. The plaintiffs in that cause appealed from the court's judgment. Thomas, in the meantime, proceeded with the drilling of his well and completed same and, on No-

vember 7, 1940, filed a new application with the Commission.

On November 27, 1940, Sklar made application for a second well on its 3.34 acres, as a portion of the 10-acre tract. The Commission heard both applications on December 18, 1940. Thomas' application was heard first, and on that hearing both documentary and expert testimony was offered to support Thomas' contention that an additional well was needed upon the combined 10-acre tract in order to prevent confiscation of the Thomas' property and to prevent waste of natural resources. When Sklar's application was reached for hearing on the same date, it reoffered in toto all the evidence that had been introduced in support of Thomas' application. Thereafter, on December 21, 1940, the Commission granted Sklar's permit for well No. 2 on his 3.34 acres, and on December 23rd regranted Thomas' application for a second well on his tract. Thereafter, on the 6th day of January, Shell filed a motion for a rehearing with the Commission on Sklar's application and permit and that motion was granted on January 10, 1941. Thereafter, on February 7, 1941, a new hearing was held before the Commission at which Sklar objected to the jurisdiction of the Commission to hold the new hearing because the application for such hearing had not been filed within the time provided for by the rules of the Commission relative to filing motions for rehearings. Notwithstanding this objection on Sklar's part, the Commission proceeded to hold such hearing, announcing that the same would be a trial de novo on Sklar's application, whereupon Sklar again offered the same evidence that had been originally offered in support of Thomas' application and Sklar's original application. Thereafter, on March 3, 1941, the Commission granted Sklar's application for a second well on its tract, reciting the same was necessary to prevent confiscation of property and to prevent waste of natural resources. Immediately thereafter the appellants filed their suit in the 126th District Court, attacking the validity of Sklar's permit and Sun intervened in that suit, attacking both the permits issued to Sklar on March 3, 1941, and December 21, 1940. In the meantime the Thomas well No. 2 had been drilled and on January 1, 1941, was producing under an allowable fixed by the Commission.

Appellants contend, among other things, that this cause should be reversed and ren-

dered because of the insufficiency of the evidence, both before the Commission and the court, to show that well No. 2 on the Sklar tract was necessary to prevent either confiscation of Sklar's property or to prevent waste of natural resources.

We are inclined to agree with appellants on these propositions.

It will be noted from what has been said that Sklar's original permit for well No. 2, as well as its permit granted on rehearing, were based solely upon the evidence introduced in a hearing of Thomas' application for a second well on his portion of the 10-acre tract, at which time there were three producing wells on the combined 10 acres, one on each of the leases above referred to. The most such evidence could possibly show was that at that time with only three wells producing from the combined 10 acres that an additional well was needed to prevent confiscation of property and waste. The sufficiency of that evidence is involved in the litigation with reference to the Thomas permit and we will not discuss the question as to whether it was sufficient to authorize the Commission granting the permit for an additional well on the combined 10-acre lease.

It is without dispute that at the time the Commission conducted its rehearing on Sklar's application for a second well that the Thomas second well was then producing oil, under orders of the Commission, and it seems to us that it would necessarily follow that in granting Sklar's application to drill a second well on the combined 10-acre lease that it was granting a permit for a fifth well when, as stated before, the most the evidence upon which it acted could support would be a fourth well upon said 10 acres. Therefore, the action of the Commission in accepting the evidence in the original Thomas hearing, as supporting an application for a fifth well, was unauthorized and, in fact, we feel that the Commission acted without substantial evidence that a fifth well was needed, or should be authorized to prevent confiscation of Sklar's property, or waste of the natural resources.

Upon a hearing in the trial court, substantially the same evidence was offered as was offered before the Commission, with some additional expert testimony, all of which, as we understand the record, was predicated on the theory that the permit in question was being considered as being the fourth well on the combined 10-acre tract. Therefore, as we view the record, there was no substantial evidence before the trial court showing conditions existing at the time the Commission conducted its hearing authorizing the granting of the permit for a fifth well on said tract.

█ Sklar, appellee in this cause, makes the contention that inasmuch as the Railroad Commission had promulgated and published a rule providing in effect that all motions for rehearing on any order should be filed within 15 days from the date of such order, that it was without authority to permit a motion for rehearing to be filed on the 16th day after the date of the permit issued to Sklar on December 21, 1940, as was done in this case, even though the 15th day should fall on a Sunday, as was the case in this instant.

We are unable to agree with the appellees in this contention. For the courts to place such a rigid and restricted construction upon the procedural rules of an administrative agency, such as the Railroad Commission, exercising quasi judicial powers would unnecessarily hamper such agency in accomplishing the purpose for which it was created.

While it is true that the courts in construing statutes of a similar nature as the rule in question have applied a strict rule of construction, yet when dealing with their own rules have always applied a more liberal construction and claimed for themselves the right to exclude the last day within which a thing should be done when it happened that such day fell on a Sunday or holiday, and as we view the matter there is less reason for applying such a restricted construction upon the procedural rules of an administrative agency than to the rules promulgated by the courts. Therefore, it is our conviction that the Railroad Commission was authorized to exclude the 15th day, being a Sunday, and permit the motion for rehearing to be filed on Monday, the 16th day. Having done so, we feel that the Commission effectively set aside this permit of December 21, 1940, and were compelled to view the matters as they existed on the date of the rehearing.

It necessarily follows that original cause No. 3921, styled Sklar Oil Company, Appellant, v. Stanolind Oil & Gas Company et al., Appellees, should be dismissed, and it is so ordered, and that original cause No. 3947 should be reversed and rendered and judgment herein entered cancelling the permit under attack, and it is so ordered.