**Ernest DAWN, Appellant,**

**v.**

**AMERADA PETROLEUM CORPORATION and Rufus Craig, individually and dba Craig Well Service, Appellees.**

**No. 4757.**

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1968.

Rehearing Denied Nov. 7, 1968.

Warren Burnett, Phillip D. Hardberger, Odessa, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Gene L. Jameson, Midland, Girard, Cowan & Reese, R. E. Richards and Ray C. Cowan, Hobbs, N. M., Robert Greenberg, Dallas, for appellees.

## OPINION

WILSON, Justice.

Plaintiff Dawn sued Amerada Petroleum Corporation, alleging that while he was working for Craig Well Service Company he sustained personal injuries for which he sought damages. Amerada filed a third-party action against Craig Well Service Company for indemnity. Craig's workmen's compensation insurance carrier then intervened, with leave, asserting subrogation rights for benefits paid plaintiff.

Amerada and Craig filed a joint motion for summary judgment. This motion was sustained, and summary judgment was rendered that plaintiff take nothing.

Craig filed a separate motion for summary judgment that Amerada take nothing by its third-party action. This motion the court overruled. Plaintiff seeks to appeal from the take-nothing summary judgment against him.

Amerada has filed a motion to dismiss the appeal on the ground the judgment is interlocutory, urging that there is still pending Amerada's third-party action against Craig for indemnity, and that there has been no severance. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200 and similar cases are cited.

The finality of a judgment for purposes of appealability is tested ordinarily by the requisite that it dispose of all issues and all parties. North East Independent School District v. Aldridge (Tex.Sup.1966), 400 S.W.2d 893, 895.

It is said in the cited case that a judgment *granting* relief to a plaintiff which fails to expressly dispose of a cross-action or counterclaim should be construed as disposing of all issues made by the pleadings. In Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377, plaintiff was denied recovery by dismissal of his suit. It was held this did not dispose of defendant's cross-action not expressly referred to in the judgment. The cross-action there, however, was for the most part independent of plaintiff's claim. This circumstance was said in the Aldridge case (400 S.W.2d p. 897) to constitute an exception to the general rule.

In the Aldridge case plaintiff was granted relief by summary judgment, but a third-party action for indemnity was not mentioned in the judgment, which directed that the

cause proceed to trial on the "sole remaining issue" of plaintiff's damages.

It was held to be presumed that all issues and parties were disposed of, including the third-party action.

The only basic difference between the present case and Aldridge is that here relief was denied rather than granted. Since the third-party claim here is not separate and independent, but is conditioned and dependent, along with the subrogation claim, on recovery by plaintiff, the present case is even stronger. It is presumed the third-party action and intervention were disposed of. The judgment is final and appealable. The motion to dismiss for want of jurisdiction is overruled.

Amerada has now presented a supplemental transcript which is ordered filed. Its prayer in the cross-action contained in the original transcript was limited to indemnification for sums which plaintiff might recover from Amerada.

The additional transcript now reflects that Amerada obtained an order authorizing filing of additional pleadings by way of cross-action, and did file such pleadings before notice of appeal or appeal bond were filed. The court denominated the order on the motions for summary judgment, "Interlocutory Judgment."

The additional pleading of Amerada for indemnity prayed for "all sums which Amerada has been compelled to expend in defense of the main suit" filed by plaintiff, including expenses and attorneys' fees.

This cross-action is separate from and independent of plaintiff's claim, and it was not disposed of by the judgment. Since there was no severance order, the order denying plaintiff recovery is interlocutory and not appealable. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377. The appeal is dismissed.