ATOKA, INC., Petitioner,

v.

**R. E. THORNTON, Respondent.**

**No. 5132.**

Court of Civil Appeals of Texas, Eastland.

May 4, 1978.

Gregory S. C. Huffman, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

Frank Jennings, Jennings, Montgomery, Dies & Turner, Graham, for appellee.

BRADBURY, Justice.

This is an application by Atoka, Inc. for writ of error seeking reinstatement of a suit against R. E. Thornton that was dismissed for want of prosecution. The trial court denied Atoka's motion to reinstate and petitioner has filed this application. We dismiss the application.

In this case, the trial court lost jurisdiction after six months from the date of the order of dismissal. Rule 165a, T.R.C.P. The order of dismissal having disposed of all parties and issues was a final judgment. The application for writ of error having been filed after six months from date of final judgment leaves this court without jurisdiction. The application for writ of error is dismissed.

The sequence of relevant events was as follows:

| | |
|---|---|
| December 4, 1969 | — Case originally filed |
| June 14, 1971 | — Respondent's motion for summary judgment granted |
| February 11, 1972 | — Summary judgment reversed by this court; Atoka, Inc. v. Thornton, 477 S.W.2d 333, 1972, writ ref. n.r.e. |
| December 14, 1976 | — Petitioner's suit dismissed for want of prosecution |
| June 2, 1977 | — Respondent's motion for dismissal of his cross action granted |
| July 11, 1977 | — Petitioner's attorney and petitioner for first time learned of Order of Dismissal of petitioner's suit, and order dismissing respondent's cross action |
| July 25, 1977 | — Petitioner filed motion for reinstatement |
| July 28, 1977 | — Petitioner filed amended motion for reinstatement |
| August 4, 1977 | — Trial court denied petitioner's motion for reinstatement |
| August 22, 1977 | — Petitioner filed its application for writ of error |

In findings of fact and conclusions of law, the trial court found:

"Plaintiff Atoka, Inc. and plaintiff's counsel did not receive notice and did not have knowledge of the court's intention to dismiss plaintiff's case for want of prosecution, the order dismissing plaintiff's case for want of prosecution entered on December 14, 1976, defendant's motion for dismissal or the order granting dismissal of cross-action entered on June 2, 1977, until the date of July 11, 1977."

We must decide whether the order of dismissal of December 14, 1976, or the order of June 2, 1977, dismissing respondent's cross action is the final judgment.

Rule 165a, T.R.C.P., among other things provides:

"Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal."

The trial court's order of August 4, 1977, denied reinstatement. The conclusions of law stated the order of December 14, 1976, constituted a final judgment. We agree. Petitioner's motion for reinstatement and its amended motion for reinstatement being made more than six months after the date of signing the order of dismissal, the trial court lacked jurisdiction to reinstate the case. *Caddell v. Gray,* 544 S.W.2d 481 (Tex. Civ.App.—Waco 1976, no writ).

In this case, the order of December 14, 1976 disposed of all issues and parties;

therefore, it was a final judgment for purposes of appeal.

The court in *Dawn v. Amerada Petroleum Corporation*, 434 S.W.2d 451 (Tex.Civ.App.—Waco 1968, no writ) in discussing the rule as laid down in *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966) stated:

"It is said in the cited case that a judgment *granting* relief to a plaintiff which fails to expressly dispose of a cross-action or counterclaim should be construed as disposing of all issues made by the pleadings. In *Davis v. McCray Refrigerator Sales Corporation*, 136 Tex. 296, 150 S.W.2d 377, plaintiff was denied recovery by dismissal of his suit. It was held this did not dispose of defendant's cross-action not expressly referred to in the judgment. The cross-action there, however, was for the most part independent of plaintiff's claim. This circumstance was said in the *Aldridge* case (400 S.W.2d p. 897) to constitute an exception to the general rule."

The cross action of respondent was not an independent action. The only way respondent could succeed in his cross action was for petitioner to first have been successful in its action. When petitioner's case was dismissed, there were no issues left for trial.

The application for writ of error having been filed August 22, 1977, was more than six months from the date of final judgment and is not timely filed. Article 2255, V.A.T.S.

Application dismissed.