SPRINGWOODS SHOPPING CENTER, INC. et al., Appellant,

v.

UNIVERSITY SAVINGS ASSOCIATION, Appellee.

No. 17802.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 30, 1980.

Rehearing Denied Dec. 11, 1980.

Edward W. Engel, Pope & Waits, Houston, for appellant.

F. Witcher McCullough, III., Walsh, Squires, Tompkins and McCullough, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

EVANS, Justice.

The appellees have filed a motion to dismiss this appeal, contending that this court lacks jurisdiction because the summary judgment in their favor is not final for purposes of appeal.

The appellants brought this action against appellees, alleging wrongful foreclosure of a deed of trust on certain mortgaged property. The appellees filed a cross-action against certain third party defendants who, in turn, filed a counterclaim against appellees and a cross-action against certain other third-party defendants. The appellants then filed a motion for partial summary judgment, seeking a determination of appellees' liability, and appellees opposed this motion, filing their own motion for summary judgment praying that the appellants take nothing. The trial court denied the appellants' motion for summary judgment and granted that of the appellees, but the court did not sever appellees' cross-action or any of the other third-party claims from the main action.

"When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court

intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a "case" within the meaning of the foregoing rule. The rule will be subject to the exception created by *Davis v. McCray Refrigerator Sales Corporation*; [136 Tex. 296, 150 S.W.2d 377 (1941)] but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied."

*North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966).

The order in the case at bar, entitled "Final Summary Judgment," recites that the court after hearing appellants' and appellees' respective motions for summary judgment, finds appellees are entitled to a final summary judgment in their favor, "such judgment thereby making moot all other issues before the court." The judgment also contains the recitation that "all other relief not expressly granted is denied." Subsequent to the entry of this order the appellees filed a motion for judgment *nunc pro tunc*, asking the court to revise its order so as to clearly restrict the quoted statements to only those issues existing between appellants and appellees. In this motion, appellees pointed out that the order, as written, might be misinterpreted so as to include the third parties' counterclaims and cross-actions within its coverage. The trial court overruled this motion.

■ A summary judgment which does not dispose of all parties and issues in a pending suit is interlocutory and not appealable unless a severance of that phase is ordered by the trial court. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959). Thus, a summary judgment in favor of the defendants with respect to part, but not all,

of the relief requested in their counterclaim, and which made no express disposition of their additional claims for relief, was held to be interlocutory and nonappealable. *Williams v. Southern Trust & Mortgage Company*, 517 S.W.2d 453 (Tex.Civ. App.—Eastland 1974, writ ref'd n. r. e.).

■ The appellees' cross-action in the case at bar sought to recover not only such sums as they might be entitled to under the theory of contribution but also their reasonable attorney's fee and damages for the third parties' alleged "breach, negligence and malpractice...." The counterclaim and cross-action asserted against the other third-party defendants alleged a right to indemnity and/or contribution and also sought damages, actual and exemplary, for alleged injury to their business and professional reputation. Thus, there are claims asserted in the third-party actions that are separate and independent of the action asserted in the main suit, and it cannot, therefore, be presumed that the trial judge's order disposed of all issues between all parties to the suit. *Dawn v. Amerada Petroleum Corp.*, 434 S.W.2d 451, 453 (Tex.Civ. App.—Waco 1968, no writ).

■ As a general rule only those parties filing motions for summary judgment and those parties opposing such motions are directly involved in the summary judgment proceeding. It has been held that a judgment entered in such a proceeding is not one within the meaning of *Aldridge*, supra, that has been "entered in a case regularly set for *conventional* trial on the merits." *Williams v. Southern Trust and Mortgage Company*, supra.

The trial court's order in the present case expressly provided by its terms that its judgment was final between the parties to the summary judgment proceeding, and that its purpose was to dispose of all issues between such parties. The order did not, however, expressly dispose of the separate and independent counterclaim and cross-actions asserted by and between the third-party defendants, and it did not constitute a final judgment for purposes of appeal. *Da-*

*vis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941); *PHB, Inc. v. Goldsmith*, 539 S.W.2d 60 (Tex.1976); *Dawn v. Amerada Petroleum Corp.*, supra.

The appeal is dismissed for want of jurisdiction.