**GULF STAR FOUNDRIES, INC., Appellant,**

v.

**ROBERT S. CONDON & COMPANY, INC., d/b/a Condon & Company, Appellee.**

**No. A14–88–856–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 9, 1989.

---

Dean R. Quinn, Martha B. Lawley, Houston, for appellant.

James T. Evans, Ella T. Tyler, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal of the trial court's denial of a motion to sever. Appellant Gulf Star Foundries, Inc., (appellant or Gulf Star) urged the motion to sever its counterclaim following the court's dismissal of the case. For the reasons discussed below, we conclude that this court has no appellate jurisdiction.

Appellee Robert S. Condon & Company (appellee or Condon) initiated the instant suit claiming that Gulf Star had committed business torts. Subsequent to its answer, Gulf Star filed a counterclaim against Condon asserting that the appellee had failed to pay outstanding debts owed appellant. The trial court dismissed the case for want of prosecution on June 9, 1987. On June 2 of the following year appellant sought to have its counterclaim severed from the original action so that it might continue its suit against Condon.

An appellate court may examine the propriety of the trial court's judgment only if the higher court has jurisdiction. This court has no appellate jurisdiction to examine the points of a trial court's conclusions unless that judgment was final and disposed of all the issues and parties involved in the litigation. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985); *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex.1984). Appellant argues that the trial court disposed of any remaining issues and parties when the court denied the motion for severance. At this point Gulf Star asserts that its right to appeal matured. This logic is refuted by the very nature of the relief Gulf Star seeks.

Appellant's sole claim on review is that the trial court did not dismiss appellant's counterclaim, and as a result, the claim remains viable and pending. Since appellant asserts that the court did not dispose of all issues, this cause was not a proper subject for appeal. Appellant should have sought other alternative methods of relief, such as a petition for a writ of mandamus, to review the trial court's determination. *City of Galveston v. Mann*, 135 Tex. 319, 143 S.W.2d 1028, 1031 (1940).

Although a writ of mandamus should have been the appellant's proper medium to seek relief, we understand Gulf Star's reluctance to pursue this avenue. In examining the statement of facts we have determined that appellant's counterclaim could not be properly severed from the original action. The claim was severable only if it remained a viable cause of action. We conclude that the trial court dismissed appellant's counterclaim in the same order that dismissed the initial suit.

Texas Rule of Civil Procedure 165a(1) states that a case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. It is unchallenged that appellant had proper notice yet failed to appear at the dismissal hearing. Additionally, courts have inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976).

Appellant cites several cases to support its proposition that a counterclaim is not included in the dismissal when the case is dismissed for want of prosecution; however, all of these cases rely on the court's reasoning in *Davis v. McCray Refrigerator Sales Corporation*, 136 Tex. 296, 150 S.W.2d 377, 378 (1941). In *Davis* the Texas Supreme Court stated that "where the court dismisses plaintiff's suit, and does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action expressly or by implication." *Id.* However, in *Walker v. Harrison*, 597 S.W.2d 913, 914 (Tex.1980), the court dismissed the original action for want

of prosecution and included the counterclaim in the dismissal. In neither case did the court provide us with the wording of the dismissal order, leaving us to speculate on the distinctions of the two orders.

In the instant case the intention of the trial court is clear. In its order the court stated that "this case should be *in all things* dismissed." (emphasis added). The order noted appellant's absence at the hearing. Appellant's cause was certainly an integral part of the case or it would not now be seeking a severance. By stating specifically that the case should be dismissed "in all things," it is obvious that the court intended to dismiss not only the appellee's original cause, but all actions contained in the case including appellant's counterclaim.

Following the dismissal, appellant's proper course of action was to timely file a motion to reinstate. TEX.R.CIV.P. 165a(3); *see also Walker*, 597 S.W.2d at 914. Had this effort failed, the appellant could have filed a petition for a writ of mandamus requesting an appeals court to examine the propriety of the trial court's denial. *City of Galveston*, 143 S.W.2d at 1031. Instead, appellant chose to wait a year and file a motion to sever. Gulf Star's delay in subsequent action illustrates well the purpose and necessity of court discretion in dismissing such cases. Without this discretion, courts would be powerless to prevent counter-plaintiffs' continued litigation of the issues years after the court dismissed the initial suit.

Although the trial court could properly dismiss Gulf Star's counterclaim for want of prosecution, it was error for the court to dismiss the claim with prejudice. The judgment of dismissal of the cause for want of prosecution is not a judgment on the merits of the cause, and a litigant may refile the suit if there is no other bar to the action. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *Gracey v. West*, 422 S.W.2d 913, 917 (Tex.1968); *Texas Attorney Gen. v. Daurbigny*, 702 S.W.2d 298, 300 (Tex.App.— Houston [1st Dist.] 1985, no writ).

Since this court has no appellate jurisdiction to review appellant's claims, we can grant appellant no relief. Appeal is dismissed for lack of jurisdiction.