## METROPLEX ERECTORS AND CONSTRUCTORS, INC., Appellant,

v.

## RAY ELLISON HOMES, INC., Appellee.

No. 04–90–00640–CV.

Court of Appeals of Texas, San Antonio.

Aug. 28, 1991.

L. John Gittinger, III, Leonard J. Gittinger, Jr., Gittinger & Gittinger, San Antonio, for appellant.

Stephen G. Cochran, Johnson & Christopher, Inc., San Antonio, for appellee.

Before CHAPA, PEEPLES and GARCIA, JJ.

## OPINION

GARCIA, Justice.

Appellant, Metroplex Erectors and Construction, Inc. ["Metroplex"], appeals from an order dismissing its cause of action against appellee, Ray Ellison Homes, Inc. ["Ray Ellison"]. Metroplex sued Ray Ellison seeking payment for construction work. Ray Ellison filed a counterclaim against Metroplex. The record does not reflect a disposition of Ray Ellison's counterclaim.

Thus, this court does not have jurisdiction to consider this appeal. In *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 298, 150 S.W.2d 377, 378 (Tex. 1944), Chief Justice Alexander stated:

The mere dismissal of plaintiff's suit did not have the effect of dismissing or otherwise disposing of defendant's cross-action. [Citations omitted] ... In other words, *where court dismisses plaintiff's suit, and does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action expressly or by implication, and is therefore not such a final judgment as will authorize an appeal therefrom.*

(Emphasis added).

The July 24, 1990, dismissal order does not dispose of appellee's counterclaim. "The rule of *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), is not applicable to orders of dismissal for want of prosecution where the case is not 'regularly set for a conventional trial on the merits.' 400 S.W.2d at 987." *Massey v. Davis*, 650 S.W.2d 551, 554 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

Accordingly, the appeal is dismissed for want of jurisdiction.