Earthmann 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-280-CV





MARCOS WHEELER,



 APPELLANT


vs.





WILLIAM JOSEPH EARTHMAN,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 406,108, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 




 


 This is an appeal from a trial court's final order disposing of a cross-action. 
Unquestioned is the fact that a previous order dismissed the plaintiff's action against the two
defendants for want of prosecution. At issue, however, is whether the dismissal of the plaintiff's
cause also encompassed defendant's cross-action against his co-defendant. We hold that the cross-action survived the dismissal and that the trial court retained jurisdiction over the action. We also
find that the trial court's alternative ruling, granting summary judgment on the basis of res
judicata, was in error. Accordingly, we reverse the judgment and remand the cause to the trial
court.



BACKGROUND


 This controversy arises out of a traffic accident involving three individuals, which
gave rise to multiple lawsuits in two counties. On October 6, 1985, in Travis County, appellee
William Earthman's car struck appellant Marcos Wheeler while Wheeler was driving his
motorcycle. Another individual, Noreen Tamminger, was also involved in the accident, but those
details are unimportant to the resolution of this controversy between Earthman and Wheeler. In
January 1986, Earthman filed suit against Wheeler in Harris County. In October 1986,
Tamminger brought a negligence claim against both Wheeler and Earthman in Travis County. 
Wheeler successfully moved to change the venue of Earthman's suit to Travis County. (1) In
September 1987, just before the limitations period ran, Wheeler filed his own negligence claim
against Earthman as a cross-action in Tamminger's suit. 

 The complications arise from the subsequent dismissal of Tamminger's suit for
want of prosecution on March 17, 1989. The record indicates that defendant Wheeler, whose
cross-action was filed under the same cause number, received notice of the order of dismissal. 
In February 1990, Wheeler filed a motion to reinstate his cross-action, claiming that he had
received notice of the dismissal some twenty-seven days after the order was signed. (2) On February
14, 1990, the trial court reinstated Wheeler's negligence action against Earthman without
comment.

 Earthman filed a motion asserting two grounds for summary judgment: (1) res
judicata, and (2) limitations. (3) First, Earthman argued that the March 1989 order dismissing
Tamminger's suit effectively dismissed Wheeler's cross-action against Earthman, which was filed
under the same cause number. Wheeler countered that the dismissal of Tamminger's suit for want
of prosecution did not simultaneously dismiss his cross-action.

 With regard to the limitations defense, Earthman argued that the applicable two-year limitations period could be tolled only upon a showing of Wheeler's due diligence in
commencing his suit prior to October 6, 1987, the two-year anniversary of the accident. Wheeler
filed his cross-action on September 24, 1987, but did not effect service of his suit on Earthman
until May 25, 1990, over two and one-half years later. Earthman says this delay precludes a
finding of due diligence sufficient to toll the statute. Wheeler argued that he was diligent in
serving process.

 After a hearing, the trial court ruled that the entire case, including Wheeler's cross-action, had been dismissed on March 17, 1989. If this determination was correct, the court lost
its plenary jurisdiction thirty days later, and thus lacked jurisdiction to rule on the motion for
summary judgment. To cover the possibility that its determination about the dismissal of the
cross-action was incorrect, the court, in the alternative, granted Earthman's motion for summary
judgment solely on the basis of the affirmative defense of res judicata. On appeal, Wheeler
attacks the court's decision that it lacked jurisdiction to hear the motion for summary judgment
because of the 1989 order of dismissal and the summary judgment in Earthman's favor.



ANALYSIS


 Although the court's order is styled an order of dismissal, it does not dismiss
Wheeler's claims. Rather, it concludes that because of the earlier order of dismissal the court
lacks jurisdiction to act upon Earthman's motion for summary judgment. The court then
proceeds, in the alternative, to grant summary judgment in favor of Earthman on the basis of res
judicata. From this anomalous order, Wheeler brings three points of error. 

 In points one and three, Wheeler complains that the court erred in granting
summary judgment in favor of Earthman, as an alternative to a finding of no jurisdiction. In his
second point, he argues that the court erred in ruling that the dismissal of plaintiff's original suit
also dismissed Wheeler's cross-action against his co-defendant. We have re-ordered the points
of error in order to address first the effect of the previous order of dismissal for want of
prosecution on the court's jurisdiction to hear the motion for summary judgment. 

Dismissal of the Cross-action. 

 Wheeler argues that the dismissal of Tamminger's suit in March 1989 did not
automatically dismiss his cross-action against Earthman. We agree. In Davis v. McCray
Refrigerator Sales Corp., 150 S.W.2d 377, 378 (Tex. 1941), the supreme court stated that "where
the court dismisses plaintiff's suit, and does not refer to or mention the defendant's cross-action,
the judgment does not dispose of the cross-action expressly or by implication." Though Davis
actually dealt with a counterclaim, we believe its rationale applies equally to cross-actions. 
Nothing in the earlier dismissal for want of prosecution mentions or even alludes to Wheeler's
cross-action against Earthman. We hold that the March 1989 order dismissing Tamminger's suit
for want of prosecution did not encompass Wheeler's cross-action against Earthman. Because the
court erred in ruling that the 1989 order dismissed Wheeler's cross-action, depriving the court of
jurisdiction to hear the motion for summary judgment, we sustain the second point of error. 

Motion for Summary Judgment. 

 Finding that the trial court had jurisdiction to hear the motion for summary
judgment, we now consider Wheeler's points of error attacking the summary judgment in favor
of Earthman. The court granted summary judgment solely on the ground of res judicata. Wheeler
has failed to attack this ground specifically, but we will read broadly his first point of error in
order to consider the error in granting summary judgment on that ground. O'Neil v. Mack Trucks,
Inc., 542 S.W.2d 112, 114 (Tex. 1976). For res judicata principles to apply, a previous
adjudication must have taken place. An order of dismissal does not constitute an adjudication on
the merits. Gracey v. West, 422 S.W.2d 913, 917 (Tex. 1968); Crofts v. Court of Civil Appeals,
362 S.W.2d 101, 104 (Tex. 1962). Even if the cross-action had been dismissed, no previous
adjudication existed upon which to preclude this claim on the basis of res judicata. The trial court
erred by granting summary judgment on an improper application of res judicata. 

 Having sustained Wheeler's first point of error to find that no previous adjudication
precludes this action, we need not consider the remaining challenge to the summary judgment. 


CONCLUSION


 We sustain Wheeler's point that it was error to find that the previous order
dismissing plaintiff's cause for want of prosecution also dismissed Wheeler's cross-action when
that order made no reference to defendant's cross-action. And we sustain Wheeler's point of error
complaining of the court's specific award of summary judgment on the basis of res judicata. We
reverse the trial court's order and remand this cause for further proceedings consistent with this
decision. 



 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Remanded

Filed: April 8, 1992

[Do Not Publish]
1. On March 30, 1989, the Harris County district court transferred Earthman's action
against Wheeler to Travis County. Subsequently, in February 1990, Wheeler successfully
moved to consolidate Earthman's action with Wheeler's cross-action. 
2. In fact, the record indicates that the order of dismissal was signed on March 17, 1989,
and that Wheeler claimed to have received notice on March 27th, within ten days of the
order's signing.
3. In the interim, Earthman had taken a nonsuit in his action against Wheeler; thus, his
summary judgment motion consisted only of affirmative defenses avoiding Wheeler's
recovery.