TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00492-CV

Jon Bohlmann, Appellant

v.

City of Woodcreek and Jeannine Pool, Appellees

FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT

NO. 95-0382, HONORABLE HUME COFER, JUDGE PRESIDING 

PER CURIAM 

 Appellee City of Woodcreek moves this Court to dismiss for want of jurisdiction
the appeal brought by Jon Bohlmann. We will grant the motion.

 The City sued Bohlmann to permanently enjoin him from erecting a fence on his
property line. Bohlmann responded and asserted counterclaims against the City and its mayor,
Jeannine Pool. The City and Pool jointly moved for summary judgment against Bohlmann on his
counterclaims. Pool supplemented the motion to seek summary judgment on the claims against
her individually. Bohlmann's response to the joint motion included a request for sanctions against
the City and Pool under Texas Rules of Civil Procedure 13 and 215. Bohlmann also moved for
a partial summary judgment on his claim that the ordinance requiring his fence to be built twenty-five feet from the lot line was invalid.

 Upon considering the parties' summary-judgment motions, the trial court rendered
a judgment granting the motions filed by the City and Pool and denying the motion filed by
Bohlmann. The court further ordered that Bohlmann take nothing by his counterclaim. 

 The trial court's judgment is not final and appealable because it does not dispose
of all claims before the court. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 898 (Tex. 1966). With
exceptions not applicable here, an appellate court has jurisdiction only over appeals from final
judgments. Sanchez, 799 S.W.2d at 678-79; Aldridge, 400 S.W.2d at 898. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.012 (West 1997). The trial court has not yet addressed the City's claim
for a permanent injunction against Bohlmann. Nor has it expressly disposed of Bohlmann's
request for sanctions under Rules 13 and 215. But see Davis v. McCray Refrigerator Sales Corp.,
150 S.W.2d 377, 378 (Tex. 1941) (authorizing disposition of claims by necessary implication).

 Because the order appealed from is not a final judgment, we grant the motion to
dismiss for want of jurisdiction filed by the City on November 3, 1997. We dismiss the motion
to dismiss filed by the City on December 10, 1997. We decline Bohlmann's request to order the
trial court to refer the cause to mediation. Bohlmann may present this request, as well as his
contention that the summary judgment granted more relief than requested, to the trial court. We
dismiss appellant Bohlmann's extension motion to file his brief.

 The appeal is dismissed for want of jurisdiction.

Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: January 23, 1998

Do Not Publish