MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
W. F. McANANEY.

Decided May 11, 1904.

**1.—Negligence—Evidence—Charge.**

It was reversible error to submit as a ground of liability defects in machinery furnished by a master to the servant alleged in plaintiff's pleading, where there was no evidence that such defects existed.

**2.—Leading Questions.**

No abuse of discretion in permitting leading questions by plaintiff to his own witness necessarily appeared from the fact that such witness testified that he was friendly to plaintiff; his statement was not conclusive, and his answers may still have been evasive.

Appeal from the District Court of Grayson.    Tried below before Hon. J. M. Pearson.

*T. S. Miller* and *Smith & Beaty,* for appellant.

*Randell & Wood,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff, and the defendant has appealed. The plaintiff was riding on a tricycle or motor car, used for the purpose of inspecting bridges, and while thus traveling the car was derailed, causing the injuries complained of.

We sustain the fourth assignment of error, which complains of the charge of the court because it submitted to the jury the question of appellant's negligence in furnishing a motor car with worn axles. Although this ground of negligence was alleged in appellee's petition, no evidence whatever was submitted tending to show that the axles were in a worn condition. As a general rule, it is reversible error to submit to the jury as a question affecting the right of the parties an issue not raised by both pleading and evidence, and we are of the opinion that this case should not be made an exception to the general rule.

We ovverrule all of the other assignments which complain of the court's charge, and the refusal to give requested instructions.

The matter complained of in the thirteenth assignment of error is not likely to recur. However, some of the questions propounded to the witness referred to were not subject to the objection urged, and the assignment and bill of exception seem to complain of all the questions and answers as a whole, and not to particular questions separately. However, while some of the questions were leading, we are not prepared to say that the court abused its discretion in permitting the leading questions, upon the theory of the witness' hostility to the plaintiff. The court was not bound to accept his statement that he was friendly to the plaintiff; and if it reasonably appeared that he was attempting, by evasive answers or otherwise, to shield or favor the de-

fendant, it was not error to permit the plaintiff to ask leading questions.

The matter referred to in the fourteenth assignment of error is not likely to occur upon another trial, and we dispose of that assignment by saying that we are inclined to hold that the court should have granted the defendant's request and instructed the jury to disregard the statement made by the plaintiff's counsel.

We express no opinion as to the merits of the case as developed by the testimony. For the error referred to in the charge of the court, the judgment is reversed and cause remanded.

*Reversed and remanded.*