·OWEN et al. v. SMITH.    (No. 6407.)

(Court of Civil Appeals of Texas.    Austin.
Jan. 18, 1922.    Rehearing Denied
March 1, 1922.)

Appeal and error ⊜═══80(6)—Judgment failing
to find amount defendant should recover over
from his codefendant on a note held not final
and appealable.

In an action on a note, in which K., a de-
fendant, pleaded that he was not liable, and
in case of judgment against him asked for
judgment against one of his codefendants for
the amount he might have to pay, a judgment
against defendants on the note, with no de-
termination as to K.'s rights against his code-
fendant, is not a final judgment, so as 'to give
the appellate court jurisdiction of an appeal
therefrom.

Appeal from District Court, San Saba
County; N. T. Stubbs, Judge.

Action by L. C. Smith against Huts Owen
and others.    From judgment for plaintiff,
defendants appeal.    Appeal dismissed.

N. C. Walker, of San Saba, for appellants.
F. J. Johnson, of Llano, for appellee.

BRADY, J.   Appellee, L. C. Smith, brought
this suit against appellants, Huts Owen and
Jim P. Kelley, to recover a balance due on
a promissory note.   Appellants admitted li-
ability on the note, but set up a cross-action
for the recovery of damages arising out of
alleged wrongful acts by appellee, in compel-
ling a sale of certain cattle mentioned in a
chattel mortgage securing the note.   In the
view we have taken of the case it is not nec-
essary to set out the pleadings and issues
made with relation to the cross-action.

In addition to the cross-action for dam-
ages, Kelley alleged that, at the time the
cattle were shipped, appellant Huts Owen
and one J. E. Odiorne had purchased his in-
terest in the cattle, paying him a certain
sum therefor.   He alleged that therefore he
was not liable, and prayed that, in the event
he should be found liable on the note, he
recover from his codefendant Owen a judg-
ment for any amount that he might be com-
pelled to pay on the note, or any judgment
rendered thereon.

While this pleading by Kelley was mea-
ger, and perhaps does not clearly or correct-
ly indicate the theory upon which he sought
to recover over against his codefendant, it is
plain that he sought to make such issue and
prayed for such relief.   The court peremp-
torily instructed a verdict for the plaintiff
and against the defendants on their cross-
action, and judgment was rendered on the
verdict.   However, the judgment did not dis-
pose of the issue made by Kelley, with rela-
tion to his claim to recover over against his
codefendant.   It is therefore urged by appel-

lants that judgment was not final.    This
proposition we sustain, but the holding re-
quires us to dismiss the appeal, since there
is no final judgment to support it, and we
have no jurisdiction.

In Linn v. Arambould, 55 Tex. 611, which
seems to have been uniformly followed, our
Supreme Court held that there could be no
final judgment, from which an appeal would
lie, until all the issues as to all the parties
had been finally adjudicated in the district
court.   To the same effect is the holding of
this court in Bank v. Bank, 152 S. W. 499,
and in these cases it was suggested that the
proper practice, after the dismissal of the
appeal by the appellate court, is for the dis-
trict court to proceed with the case as
though it had never been tried.

On the point just discussed, counsel for
appellee makes the argument that the plead-
ing of Kelley was subject to a general de-
murrer by his codefendant, and that there
was therefore no issue between them to be
disposed of by the judgment.   It suffices to
say that no demurrer was ever sustained to
this pleading.   Indeed, the record does not
show that any demurrer was urged by any of
the parties to the suit.   Kelley, by his plead-
ing, however defective it might be, made this
an issue in the cause.   It was not disposed
of on the trial below, and therefore remains
an issue in the case.   This exact question
was decided, and we think correctly, in Rid-
dle v. Bearden, 36 Tex. Civ. App. 97, 80 S.
W. 1062.

None of the other questions raised on the
appeal will be discussed, because we·have no
jurisdiction to determine any of them.·

The appeal will be dismissed.