**AMERICAN HEATING & PLUMBING CO.,
Inc., v. TRAFTON TILE & MARBLE
CO.**

No. 8833.

Court of Civil Appeals of Texas. Austin.

Sept. 27, 1939.

Rehearing Denied Oct. 18, 1939.

Cofer & Cofer, of Austin, and Morris D. Meyer, of Houston, for appellant.

Brooks, Napier, Brown & Matthews, of San Antonio, Coleman Gay, of Austin, and Clinton G. Brown, Jr., of San Antonio, for appellee.

BLAIR, Justice.

This litigation arose as follows:

A suit was filed by appellant Plumbing Company against appellee Tile Company for $2,003.32 alleged damages to the bath tubs which the Plumbing Company had installed in a Texas University dormitory, it being alleged that the Tile Company had damaged the tubs with acid in cleaning the tile it had placed in the dormitory. The Tile Company answered formally, and by cross-action sought damages caused by the alleged slander by the agents of the Plumbing Company of the manner in which the Tile Company had done the tile work in the dormitory. The trial resulted in judgment, "that the law and facts are with the defendants," and "that the defendants go hence without day," and recover costs of suit. The judgment made no specific disposition of the Tile Company's cross-action for slander. The Plumbing Company's motion for a new trial was overruled, and notice of appeal was given but not perfected.

After the date of the alleged damages to the bath tubs, the Plumbing Company by written contract employed the Tile Company to replace the tile caused by the removal of the bath tubs, agreeing to pay therefor $843. This suit was filed by the Tile Company against the Plumbing Company to recover the $843 for the tile work completed under said contract. The Plumbing Company answered formally, and filed a cross-action in the identical language of its petition in the aforementioned suit for damages to the bath tubs, and by which it again sought to recover the $2,003.32 alleged acid damages to the bath tubs. To this cross-action the Tile Company plead the judgment in the first mentioned suit as res adjudicata, and by a special plea asserted that the cross-action was for unliquidated damages growing out of an alleged tort not related to nor growing out of the contract sued on by it; and therefore could not be asserted herein. The trial judge who tried both suits without a jury rendered judg-

ment in favor of the Tile Company for the $843 sued for; and no complaint is made as to this judgment. The trial court sustained both the plea of res adjudicata and the special plea that the unliquidated damages sought to be recovered by the cross-action could not be asserted in the Tile Company's suit for the contract price of the tile work.

By this appeal appellant Plumbing Company complains only of the action of the trial court on its cross-action, contending as follows:

1. That since the Plumbing Company's cross-action is for damages incident to and connected with the Tile Company's cause of action on the contract sued upon, the acid damages to the bath tubs should have been allowed as set-off to the extent of the debt of the Tile Company, with judgment for the remainder of such damages under the terms of Art. 2017, R.S.1925, which provide that "the defendant may plead in set off any counter claim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

2. That since the judgment in the first suit mentioned did not dispose of the cross-action or counter claim of appellee Tile Company for damages for slander, it is not a final judgment and is not res adjudicata of the claim of the Plumbing Company for the acid damages to the bath tubs involved in the first suit.

■ The evidence fully sustains the finding of the trial court that the Plumbing Company's claim or cause of action for the alleged acid damages to the bath tubs did not arise out of, was not incidental to, nor connected with, the Tile Company's cause of action for $843, which amount by written contract the Plumbing Company agreed to pay it for the replacement of the tile where the damaged bath tubs had been removed. The facts show that the Plumbing Company had the general contract to install the bath tubs in the dormitory. The Tile Company was working under a separate sub-contract with H. H. Moeller, who was the general contractor of the dormitory. There was no privity or connection between the Plumbing Company's contract and the Tile Company's contract. The mere fact that both parties were engaged on the same job or enterprise of constructing and equipping the dormitory does not make the performance of their separate and independent contracts for specific parts of the dormitory, work, or acts incident to or connected with each other. Then, too, the acid damages to the bath tubs were alleged and shown to have occurred on or prior to January 7, 1937. The written contract between the Plumbing Company and the Tile Company for $843 to replace the tile where the bath tubs had been removed was dated January 23, 1937. Thus the damages to the bath tubs were shown to have occurred before the contract in suit was entered into; and therefore the claimed damages, or cause of action therefor, did not arise out of, were not incident to nor connected with the later contract to replace the tile, and as to the proper performance of which no complaint is made by the Plumbing Company. Manifestly, it was impossible for the acid damages to the bath tubs, or cause of action therefor, to have arisen out of, or to have been incidental to or connected with the contract not in existence when such damages occurred.

■■ Nor do we sustain the contention that the judgment in the first mentioned suit is not final because it did not dispose of the cross-action of the Tile Company for damages for slander of its tile work. True, the judgment did not specifically dispose of the cross-action, but did so by reasonable implication. The Tile Company and its partner members were the defendants in the first suit. They sought to establish two rights: (1) that they were not liable for the acid damages to the bath tubs; and (2) by cross-action they sought to recover damages for slander of the manner in which they had done the tile work. The judgment recites that "the matter in controversy" was submitted to the court without a jury; that after hearing the evidence and argument of counsel for both parties, the court "is of the opinion that the law and facts are with the defendants"; and "that the defendants go hence without day and recover their costs of plaintiff in this behalf expended, for which let execution issue." The court had before it all "matters in controversy" raised for decision under the pleadings in the cause, and the court did not exclude anything from the effect of the adjudication. Thus the judgment specifically disposed of one of the two rights of the defendants, and not having mentioned the other right in issue by the pleadings, it in effect denied the other or latter right of the defendants set up by the cross-action. Such is the holding in the case of Hermann v. Allen, 103 Tex. 382, 384, 128 S.W. 115, where the defend-

ant plead in reconvention for damages in a suit for injunction, which was made perpetual because of the wrongful issuance and service of the writ, but reversed on appeal; and where the judgment reversing the case decreed that plaintiffs take nothing by their suit for injunction, but made no mention of the plea in reconvention for damages for wrongful injunction, the judgment was held to be a final judgment precluding the defendant from recovering in a subsequent action any damages for the wrongful injunction. The facts and proceedings in the instant case are analogous and are ruled by the doctrine announced in the cited case, to the effect that where a judgment determines in favor of a defendant one of the two rights claimed by him, but does not mention the other, it is in effect a denial of the latter, and the judgment is a final judgment.

The judgment of the trial court is affirmed.

Affirmed.