## HOLIFIELD v. COSDEN PETROLEUM CORPORATION.

### No. 4270.

Court of Civil Appeals of Texas. El Paso.

Dec. 31, 1942.

Preston Mangum and Andrew Priest, both of Dallas, for appellant.

Nelson Phillips, Jr., of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts exercising jurisdiction in Dallas County. An order was entered sustaining a special exception that no cause of action was shown against the Cosden Petroleum Corporation, one of the defendants. Plaintiff declining to amend, the court dismissed the case as to the named defendant. Such special exception set forth specifically the grounds on which it was claimed that the petition failed to state a cause of action against such defendant aforesaid. Holifield, the plaintiff, has perfected this appeal.

The parties will be here designated as they were in the trial court.

Plaintiff's petition sought judgment against Joe Boyd, W. C. Witt, R. E. Witt, Beacon Mutual Service, Inc., a corporation, Tower Service, Inc., a corporation, and Cosden Petroleum Corporation, in the sum of $8,613.77.

Cosden Petroleum Corporation answered, urging the special exception sustained, other exceptions, and pleas to the merits; further, a cross action was pleaded against its co-defendant Tower Service, Inc., wherein it sought to recover and alleged an indebtedness against that defendant in excess of $20,000, allegedly evidenced by notes, and likewise sought to foreclose against such Company a chattel mortgage. It is shown by the judgment appealed from that Tower Service, Inc., appeared and answered plaintiff's petition, but its answer does not appear in the record. It is inferable from the record that it appeared in the case after the cross action was filed against it. It is not shown by the transcript that any of the other defendants answered in the case.

It appears from an order entered by the court on March 6, 1942, that the case was called for pre-trial hearing on March 2nd, 1942. At such hearing, the court sustained the special exception of the Cosden Petroleum Corporation, and plaintiff refused to amend as to it, and the court dismissed such defendant with costs. To which order plaintiff excepted and gave notice of appeal. Further, the court sustained certain exceptions of Tower Service, Inc., to plaintiff's petition, and overruled others. Plaintiff was granted leave to amend as to that defendant, and the cause was then set for further pre-trial on March 6, 1942. On March 6, 1942, plaintiff dismissed his suit as to the defendants other than Cosden Petroleum Corporation. An order was entered to that effect. In this order it was recited that plaintiff desired to appeal from the order dismissing Cosden Petroleum Corporation from the suit. The order then dismisses the suit as to all the defendants, recites that plaintiff excepts to same insofar as it dismisses Cosden Petroleum Corporation, and recites notice of appeal was given, and incorporates in the order the before summarized order of March 2nd, 1942, therein. This is the judgment appealed from. The question of its finality is not raised by either party to the appeal. However, if it is not a final judgment, this court has not the power to review same.

Beyond any question, the judgment disposed finally of all issues other than the issues arising on the cross action asserted by Cosden Petroleum Corporation against Tower Service, Inc. If such cross action is disposed of, it is not by express provision of the order, but by implication only.

This order was entered on the exception urged by the Cosden Petroleum Corporation, leveled against the petition of plaintiff; and the motion of plaintiff for a nonsuit as to the other defendants. It would be a forced construction to hold that it applies to a separate and distinct cause of action that did not then appear to be before the court. From the face of the judgment we think it is clear that the cross action in question was not disposed of by it.

The case was not before the court for trial on the issues tendered by the cross action.

The failure of the judgment to dispose of the cross action leaves it lacking in

502

finality so as to support the appeal. A final trial of the cause was still contemplated. Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377, and authorities there cited.

It is true here, the action undisposed of is between codefendants. In our opinion this is not a material ground of distinction between this case and the authority just cited. See Owen v. Smith, Tex.Civ.App., 237 S.W. 955; Kosse Nat. Bank v. Derden, Tex.Civ.App., 36 S.W.2d 295.

We recognize' that there is no necessary connection shown by the pleadings between the cause of action attempted to be urged by plaintiff against the Cosden Petroleum Corporation and that urged by it by way of cross action against its co-defendant. It is clear to us, however, that a further judgment is necessary to dispose of all the issues validly tendered by the pleadings included in the transcript.

It is ordered that this appeal be in all things dismissed.

WALTHALL, J., not participating.