## WEBB v. NATIONAL STANDARD FIRE INS. CO.

No. 5611.

Court of Civil Appeals of Texas. Amarillo.
April 3, 1944.

P. Harvey, of Houston, for appellant.

Sewall Myer, of Houston, for appellees National Standard Fire Ins. Co. and J. E. Josey and E. M. McCormick.

Sharfstein & Bell, of Beaumont, for appellees M. L. and Ray Shellhammer.

Baker, Botts, Andrews & Wharton, Walter H. Walne, and P. R. Rowe, Jr., all of Houston, for appellee Sinclair Prairie Oil Co.

W. S. Nichols, of Beaumont, pro se.

STOKES, Justice.

On September 23, 1934, appellant, J. M. Webb, filed suit in the District Court of Jefferson County against appellee, National Standard Fire Insurance Company, a corporation, in trespass to try title to one thousand acres of land located in Jefferson County. On February 27, 1935, appellee filed its answer and cross-action in which it pleaded not guilty of the alleged trespass and pleaded specially that it had acquired the title through foreclosure of a deed of trust lien on the land under the power of sale in the deed of trust and a trustee's deed conveying the land to it pursuant to its purchase at such foreclosure; that appellant's suit was without merit or hope of recovery and was instituted solely for the purpose of harassing appellee and in the hope of inducing it to pay a substantial sum of money to appellant in order merely to appease him. It prayed for an injunction restraining appellant from instituting any lawsuits whatsoever against it concerning the land involved. Citation upon the cross-action for injunction was duly issued and served upon appellant, and on March 21, 1935, he filed a supplemental petition in which he alleged that the trustee's sale was void for a number of reasons. Appellee thereupon filed what is designated in the transcript as "Exceptions to Supplemental Petition," in which it presented a general demurrer and five special exceptions to appellant's supplemental petition and in which it declined to recognize the pleading filed by appellant as a supplemental petition, asserting that all of the evidence he could introduce under it could be introduced under the allegations of his original petition. It again pleaded not guilty of the trespass to try title charges and a general denial to all of the allegations in plaintiff's original petition and in plaintiff's first supplemental petition, demanded strict proof thereof, and "put itself upon the country."

A jury was impaneled to try the case and at the close of plaintiff's (appellant's) testimony, appellee presented its motion for an instructed verdict, which was granted by the court and, upon the return of the verdict, the court rendered judgment reciting that "the plaintiff had failed to sustain his burden of establishing any title whatsoever in and to the lands or the possession thereof as described and referred to in plaintiff's original petition. * * *. It is therefore ordered, adjudged and decreed by the court that the plaintiff, J. M. Webb, take nothing in this suit and that the defendant, National Standard Fire Insurance Company, recover of plaintiff, J. M. Webb, all costs in this behalf expended, and that it have its execution." Appellant attempted to appeal from the judgment, but the appeal was dismissed because he had neither excepted to the judgment nor given notice of appeal.

On April 9, 1943, more than eight years after the entry of the judgment, appellant, as plaintiff in the original cause, No. 44,270, filed a motion in the trial court in which he prayed for leave to file his first amended original petition and moved the court to restore the case to the docket and set it for final hearing. The motion was presented to the court on the day it was filed and it was overruled, the order reciting that all parties were present, that the court had duly considered the motion and also considered the entire record in the cause, and having heard argument of counsel thereon, found and adjudged that the motion be in all things denied and overruled. From the order denying the motion, appellant gave notice of appeal to the Court of Civil Appeals at Beaumont and perfected the appeal by filing an appropriate bond. In due time he filed the record, including the transcript and a statement of the facts adduced upon the original trial on March 21, 1935.

After the cause reached the Court of Civil Appeals, appellee filed a motion to dismiss the appeal upon the ground that the order or judgment of the district court declining to restore the case to the trial docket and set it for trial was not an appealable order and the Court of Civil Appeals therefore did not have jurisdiction to consider it.

While the motion to dismiss the appeal was pending, appellant filed in the appellate court his application for a writ of mandamus commanding the Honorable W. S. Nichols, Judge of the District Court, to proceed to trial and judgment in the cause. By an order equalizing the dockets of the Courts of Civil Appeals, the Supreme Court has transferred the case to this Court and both the motion to dismiss the appeal and the petition of appellant for a writ of mandamus are now before us for consideration.

The ground upon which appellant asserts he is entitled to the writ of mandamus is that the judgment entered by the trial court on March 21, 1935, was not a final judgment because it did not dispose of the cross-action asserted by appellee in its original answer, and in which it prayed for an injunction restraining appellant from filing any suits against it seeking to recover or in any way affecting the one thousand acres of land involved in the original suit.

Appellee presents two counter propositions in which it contends, first, that its cross-action had been dismissed, waived, or abandoned and did not constitute an issue in the case at the time the original judgment was entered and that, therefore, it was not necessary for the judgment specifically to make any disposition of it, and, secondly, that the judgment disposed of the cross-action by necessary implication. In our opinion, both of these contentions must be sustained.

As we have stated, at the conclusion of appellant's testimony at the trial on March 21, 1935, appellee presented and urged a motion for an instructed verdict in its favor. It introduced no testimony in support of its cross-action and, therefore, the court would not have been warranted in granting its motion for an instructed verdict if the cross-action had still been in litigation. It does not stand to reason that, if the cross-action had not been abandoned, appellee would have demanded a peremptory instruction. It knew it could not possibly have a judgment upon its cross-action because it had introduced no testimony in support of it. The court must have understood that appellee had abandoned the cross-action, or that it had in some manner been eliminated from the case, or the court would not have acted favorably upon the motion for an instructed verdict. Kirk v. City of Gorman, Tex. Civ.App., 283 S.W. 188. No mention was made of the cross-action by the court or anyone else at the time the motion was presented, and when the verdict was re-

turned under the instruction of the court, judgment was entered in accordance with it and no mention was then made of the cross-action. It would indeed have been an unusual proceeding for the court and counsel to have taken all those steps in the trial if a cross-action was pending and being urged by the defendant in the case.

In bringing the record to the Court of Civil Appeals, appellant included a statement of the facts adduced upon the original trial and, although ordinarily the statement of facts is not strictly considered as part of the record, yet since it constitutes a portion of the general record in the appeal and the application for mandamus was filed and is being urged in the same case, we are warranted in consulting the statement of facts to ascertain the attitude of the court and parties to the suit toward the cross-action. The statement of facts shows that in a colloquy between counsel for appellant and the court concerning the admissibility of certain testimony pertaining to the foreclosure proceeding under the deed of trust, appellant's counsel stated to the court that "they (referring to appellee and its counsel) started out with a cross-action whereby they could do it (that is, introduce the testimony). They dismissed that out of the suit and so I say there is no predicate laid in the way of a pleading to introduce testimony of that kind and to foreclose a lien on this property." According to the record, the only cross-action that had been injected into the case was the one seeking an injunction and we must assume that counsel was referring to the cross-action contained in the answer of appellee. Although this statement of appellant's counsel may not ordinarily have been of much consequence, it reveals very positively that a cross-action of some kind had been filed by the appellee and that it had been abandoned. It is significant for the further fact that the statement of counsel went unchallenged by the court or anyone else, and we think it constitutes strong evidence that the cross-action had been abandoned by appellee and that it was so understood by the court and all of the parties connected with the trial.

The record reveals another feature that leads us to the conclusion the cross-action had been abandoned. When the case went to trial on March 21, 1935, appellee filed what is designated in the transcript as "Defendant's Exceptions to Supplemental Petition," in which it presented a general demurrer and five special exceptions. In addition to the demurrer and special exceptions, it declined to recognize as a supplemental petition the pleading filed by appellant and asserted that all of the evidence he could introduce under it could be introduced under the allegations of his original petition. It then repeated its plea of not guilty to the trespass to try title allegations and included a general denial to "all of the allegations in plaintiff's original petition and his supplemental petition." This latter pleading of appellee contained no allegations that would support an injunction, nor any prayer for, or reference of any kind to, an injunction. It is reasonably deducible, therefore, that it was considered as an amended answer and was the only pleading upon which appellee went to trial and that it was so understood by the court and all of the parties to the litigation. If so, the judgment entered by the court was the only judgment that could have been entered under it and the verdict of the jury.

■ Passing now to the second contention presented by appellee, if the cross-action had not been abandoned, but was still in the case, then, in our opinion, the judgment disposed of it by necessary implication. Although it was not specifically disposed of, the judgment recited that the cause duly came on for trial; that the plaintiff, J. M. Webb, and his attorneys, together with the defendant, National Standard Fire Insurance Company, and its attorneys, appeared and announced ready for trial; that a jury was demanded, selected, and impaneled and that plaintiff having presented his evidence, the defendant presented its motion for an instructed verdict. It recited that the court heard the motion and the argument thereon and after considering the same, it was of the opinion that the motion should be granted; that the court thereupon instructed the jury to return a verdict to the effect that the plaintiff take nothing by his suit and that the defendant recover its costs. It decreed that the plaintiff, J. M. Webb, take nothing in the suit and that the defendant, National Standard Fire Insurance Company, recover of the plaintiff, J. M. Webb, all costs and that it have its execution. If the original answer was the pleading upon which the case was tried, then there were two legal rights presented to

590

the court by appellee as defendant in the trial court: (a) That it was not guilty of the wrongs and trespasses charged against it by the plaintiff and, therefore, it was entitled to a judgment, the effect of which would be to place the title in it; and (b) an injunction restraining the plaintiff from filing any further suits against it pertaining to the land involved. The judgment determined the first legal right contended for in the answer, French v. Olive, 67 Tex. 400, 3 S.W. 568, and the fact that it omitted any reference to the second constituted an adjudication that the right granted by the judgment was all that the appellee had shown itself entitled to recover. Hermann v. Allen, 103 Tex. 382, 128 S.W. 115; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; American Heating & Plumbing Co. v. Trafton Tile & Marble Co., Tex. Civ.App., 132 S.W.2d 140. Since appellee had introduced no testimony in support of its allegations and prayer for an injunction, that was the proper judgment and it was not entitled to relief upon the second right asserted by it.

That such a judgment as the one entered in this case adjudicates all matters pleaded in the cross-action as effectually for all practical purposes as though it had embodied an express finding and adjudication thereon is not an open question in this State. Prior to the decision of the Supreme Court in the case of Trammell v. Rosen, supra, there had been some conflict in the opinions of the Courts of Civil Appeals but the Supreme Court settled the matter in that case and we think the holding is controlling here. The judgment, on its face, purports to be a final judgment. It is evident from its recitals and from the conduct of all of the parties when they announced ready for trial and during the trial and at its conclusion that they and the court considered and understood they were engaged in the final trial of the case, and there is no intimation in the entire record that anything was reserved by the court or any of the parties for future adjudication. The judgment adjudicated the only matter that could have been adjudicated under the testimony and, in our opinion, it constituted a final judgment from which an appeal would lie. These conclusions in no manner conflict with the holdings of our courts in cases where counter-claims or cross-actions are filed by the defendant and the plaintiff dismisses his case. In those cases the courts hold that the counter-claim or cross-action does not go out with the dismissal by the plaintiff of his cause of action. Those decisions are based upon conditions entirely different from that which is presented in this case. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377.

The judgment entered by the court below on March 21, 1935, being a final judgment, appellant is not entitled to the writ of mandamus for which he applies and it will therefore be denied. The order entered by the trial court on April 9, 1943, overruling appellant's motion for leave to file his first amended original petition, to restore the case to the docket, and to set it for trial, not being a judgment or order from which an appeal will lie, appellee's motion to dismiss the appeal will be granted.