## WORKS v. PHOENIX AUTO FINANCE CO. et al.

### No. 15036.

Court of Civil Appeals of Texas.
Fort Worth.
April 22, 1949.

Virgil R. Sanders, Jr., Joe M. Hill and C. A. Mattay, all of Dallas, for appellant.

Alto B. Cervin and E. G. Moseley, both of Dallas, for appellee.

HALL, Justice.

On March 15, 1947, the Phoenix Auto Finance Company of Dallas, Texas, sued, in a district court of Dallas County, Texas, G. S. Dorsey for debt and foreclosure of a chattel mortgage lien on an automobile, and B. F. Works as a mechanic who had the car in possession and who was at that time proceeding to enforce his constitutional mechanic's lien.

Trial was to the court. G. S. Dorsey filed a disclaimer of any right, title or interest he may have had in the automobile; in the meantime same was sold under receivership for the sum of $750. The court rendered judgment in favor of Phoenix Auto Finance Company, hereafter styled appellee, and against Dorsey for the sum of $979.80, balance due on note and mortgage; distributed the proceeds of sale as follows: first, court costs; second, receiver's fee of $50; balance payable to appellee, and granted appellee a deficiency judgment for the difference.

To such action of the court appellant B. F. Works gave notice of appeal and perfected same by presenting seventeen points of error.

Appellant's fifteenth point is as follows: "The error of the court in failing to render judgment in favor of B. F. Works on his cross-action for the amount of his debt as prayed for against G. S. Dorsey; that the judgment does not dispose of defendant Works' cross-action and is, therefore, not a final judgment."

Appellant filed a cross-action against Dorsey, asking for judgment for his repair bill and certain storage charges, introduced evidence in support thereof, and the trial court found that the amount of such bill and storage charge was $434.70. The judgment entered, however, contains no language which expressly or by implication disposes of appellant's cross-action against Dorsey.

Under the circumstances we are compelled to hold that the judgment lacks finality, that it is not appealable, and that this court has no jurisdiction to do other than dismiss the appeal. The following decisions are directly in point: Owen v. Smith, Tex.Civ.App., 237 S.W. 955; Kosse Nat. Bank v. Derden, Tex.Civ.App., 36 S.W.2d 295; Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377; Holifield v. Cosden Petroleum Corp., Tex.Civ.App., 170 S.W.2d 500.

Appeal dismissed.