### PANAS v. STATE et al.
### No. 10001.

Court of Civil Appeals of Texas. Austin.

Nov. 21, 1951.

Kenneth Krahl, Julia Mae Anderson, Houston, for appellant.

Price Daniel, Atty. Gen., William S. Lott and V. F. Taylor, Asst. Attys. Gen., for appellees.

HUGHES, Justice.

This suit was originally filed by B. P. Panas and B. P. Panas & Co., Inc. against the State of Texas and the Texas Highway Commission on June 5, 1934. These defendants will be hereinafter referred to as the State.

The purpose of this suit was the recovery of damages alleged to have arisen out of a contract for grading and construction of drainage structures on a State highway in Fayette County.

Permission to file the suit was based upon a legislative resolution[1] reciting that "B. P. Panas, an individual contractor, residing in Harris County, Texas, made and entered into certain contracts with the said State Highway Commission for certain grading and drainage structures on Highway No. 44 out of LaGrange, Texas," and authorizing suit against the State and the Highway Commission by "B. P. Panas, his heirs, assigns and associates."

On September 24, 1934, the State filed a plea in abatement alleging that B. P. Panas,

Inc. had not been granted permission by the Legislature to institute this suit and that B. P. Panas was not a party to the contract involved in the suit and prayed that the suit be dismissed.

On April 20, 1950, the State filed a motion to dismiss the suit on the following grounds: (1) lack of prosecution, (2) failure of plaintiffs to answer the plea in abatement filed by the State on September 24, 1934, (3) that the corporate plaintiff, B. P. Panas Company, Inc. had forfeited its right to do business in this State by failure to pay its franchise taxes, thus losing its right to sue in our courts, and (4) that plaintiffs' suit sounds in tort and the State and the Highway Commission are not liable for the torts of their agents and employees.

On June 24, 1950, the State filed an amended answer and a cross action against the corporate plaintiff seeking the recovery of delinquent franchise taxes, penalties and interest.

On January 30, 1951, the State filed a motion for summary judgment on the grounds set out in the motion to dismiss, summarized above.

This motion was answered by plaintiffs March 28, 1951. This answer denied the grounds upon which the motion to dismiss was based and affirmatively pleaded (1) that dismissal on such grounds was waived by the long lapse of time since the first plea in abatement had been filed, (2) that the contract in suit was actually made by B. P. Panas, individually.

On March 29, 1951, summary judgment was rendered sustaining the April 19, 1950, motion to dismiss and dismissing plaintiffs' suit. This judgment did not mention and did not dispose of, either expressly or by implication, the cross action of the State against the corporation.

Mrs. Panas has appealed; the corporation did not appeal.

On October 17, 1951, we handed down an opinion affirming the judgment of the trial court, at which time our attention had not been directed to and we did not note the possibility that the judgment from

[1]. H.C.R. 34, Acts 43rd Leg., 1st Called Sess., p. 375.

which the appeal was taken was not a final judgment.

On motion for rehearing appellant makes the point that the judgment from which she had appealed was not final, citing Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377 and Works v. Phoenix Auto Finance Co., Tex.Civ. App., 219 S.W.2d 840 (Fort Worth).

The State, resisting the suggestion that this judgment lacks finality cites Rule 434, T.R.C.P., Burton-Lingo Co. v. First Baptist Church of Abilene, Tex.Com.App., 222 S. W. 203; Kirk v. City of Gorman, Tex.Civ. App., 283 S.W. 188 (El Paso), and Webb v. National Standard Fire Ins. Co., Tex.Civ. App., 179 S.W.2d 587 (Dallas) as authority for us to hold that the State abandoned its cross action.

We fail to find anything in Rule 434 which relates to this question.

The Burton-Lingo case, followed in the Kirk case, which, in turn, was followed in the Webb case, holds that if the record does not disclose that a cross action was called to the attention of the court and no objection is made to the failure of the court to adjudicate it, then the appellate court may presume in favor of the finality of the judgment that the cross action was abandoned or dismissed.

We have examined all of the cases cited in the Burton-Lingo case on this point and in none of them do we find the question presented here to be involved. Most of those cases had to do with the failure of the judgment to dispose of all the parties and to the implied effect of a judgment.

The Supreme Court did not approve the opinion of the Commission of Appeals in the Burton-Lingo case but only approved the judgment. We attach significance to this fact because it is clear to us that the judgment in the Burton-Lingo case necessarily disposed of the cross action there involved by implication and hence the judgment was final.

Before proceeding further, we pause to emphasize that the State does not suggest that its cross action has been disposed of, for or against it, by implication, and we do not believe there is any ground for such construction of the judgment because the subject matter of the cross action is completely foreign to the suit brought by the plaintiffs.

Even if we are wrong in our interpretation of the Burton-Lingo case, we are obliged to follow the later opinion of the Supreme Court in the McCray case, supra, insofar as there is any conflict between the two decisions.

In the McCray case the refrigerator company sued for the balance of the purchase price of a refrigerator. The defendant filed a plea in abatement on the ground that the company was a foreign corporation and had no permit to do business in Texas; he also filed a cross action to cancel his debt and for damages. The court sustained the plea in abatement and dismissed plaintiffs' suit. The Supreme Court said: "The judgment in this case does not expressly dispose of the defendant's cross-action, nor does it do so by necessary implication. The mere dismissal of plaintiff's suit did not have the effect of dismissing or otherwise disposing of the defendant's cross-action. * * * The mere failure of the judgment to refer to defendant's cross-action was not sufficient in itself to raise an inference that it was thereby intended to dispose of the cross-action. In other words, where the court dismisses plaintiff's suit, and does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action expressly or by implication, and is therefore not such a final judgment as will authorize an appeal therefrom." [136 Tex. 296, 150 S.W.2d 378.]

The judgment in this case is of the same character. It simply dismisses plaintiffs' suit. It does not mention nor refer to the cross action, and there is nothing to indicate that the cross action was adjudicated by implication. There is a similar absence of any circumstances to show or indicate that such cross action was abandoned or dismissed. If we could indulge a presumption of abandonment from a bare record such as we have here and as the Commission of Appeals said we could do in the Burton-Lingo case, then the law of the McCray case could never, or at least need not ever, be applied. We could presume in

every case, where the record was silent, that the cross action had been abandoned. We do not believe an opinion of the Supreme Court to be the subject of such easy evasion.

Since this appeal is not from a final judgment and no exception exists authorizing an appeal from this character of judgment we are without jurisdiction except to dismiss the appeal. McCray and Works cases, supra.

Our former opinion affirming this cause is withdrawn, appellant's motion for rehearing is dismissed for want of jurisdiction, and this appeal is dismissed.