### HARRIS v. CITY OF PORT ARTHUR.
### No. 9993.

Court of Civil Appeals of Texas. Austin.

Dec. 19, 1951.

Carruth & Gray by William T. Gray, Port Arthur, for appellant.

A. A. DeLee, Port Arthur, for appellee.

PER CURIAM.

J. Wylie Harris, appellant, sued appellee, City of Port Arthur, for $4000 alleged to be due him as a commission of 1% on the sale of $400,000 of bonds of the City of Port Arthur. The suit was based upon a written agreement between appellant and the city.

The city, on June 22, 1950, filed a motion to strike appellant's petition on the ground that the alleged contract was against public policy and void and because the petition did not allege compliance with certain provisions of the City Charter.

On the same date the city filed a plea in abatement based substantially on the same grounds as was the motion to strike, exceptions and an answer to appellant's petition and a cross-action. The cross-action was based upon allegations that the city had previously paid appellant $20,000 under the contract, alleged by the city to be void, and that the city was entitled to recover this amount, with interest, and for which it prayed.

On the 7th of February, 1951 the court took up the plea in abatement filed by the city and after a hearing and due consideration sustained such plea on March 19, 1951 and rendered judgment dismissing appellant's suit "at the cost of plaintiff without prejudice to the rights of the plaintiff to file a new suit hereon."

This is the judgment from which this appeal was taken.

In our opinion it is not an appealable judgment. It does not either expressly or by implication dispose of the cross-action

of the city against appellant and is, therefore, not a final judgment. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377; Works v. Phoenix Auto Finance Co., Tex.Civ.App., Fort Worth, 219 S.W.2d· 840; Panas v. State of Texas, Tex.Civ.App., Austin, 244 S.W.2d 288.

The appeal is dismissed.

Dismissed.