**BLACKBURN et al. v. WRIGHT.**

No. 2954.

Court of Civil Appeals of Texas.
Eastland.

Oct. 24, 1952.

D. A. Frank, James D. O'Connor and O'Connor & Douglass, Dallas, for appellants.

Judge D. D. Williams and C. Dale Condron, Throckmorton, for appellee.

COLLINGS, Justice.

This is a suit in trespass to try title brought by appellee, George C. Wright, against Gertrude Blackburn and husband, Luke Blackburn, for the title and possession of two tracts of land described by metes and bounds and situated in Throckmorton County, Texas. Defendants, Mrs. Blackburn and husband, answered with a plea of not guilty, a general denial, the three, five, ten and twenty-five year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, and filed a cross-action against plaintiff Wright for damages in the sum of $10,000 alleged to have been sustained by defendants by reason of the willful and wrongful bringing of such suit against them. Defendants also filed a cross-action for breach of warranty and damages against Mrs. Jennie T. Peacock, a widow, and J. W. Mott. The Blackburns alleged in such cross-action that they acquired their claim to the land under a warranty deed from Mrs. Peacock in which she warranted and guaranteed to them good and marketable title free from all claims by any one, including plaintiff, George C. Wright. They prayed that in the event plaintiff, Wright, prevailed in his claim for title to the land that they be granted damages from Mrs. Peacock for the breach of such warranty. They also alleged that J. W. Mott was a moving factor in inducing them to purchase the land from Mrs. Peacock by representations made by him concerning the condition of the title to said land and that he was likewise liable for the damages sustained.

A trial was had before the court without a jury and judgment entered for plaintiff, George C. Wright, against Mrs. Blackburn and husband, for title to the land in question. No disposition was made of the cross-action of the Blackburns against Mrs. Jennie T. Peacock and J. W. Mott. Mrs. Blackburn and husband gave due notice of appeal and have filed their brief presenting ten points of error.

In appellants' first point it is urged that the judgment of the court is not final because it did not dispose of the parties,

Mrs. Jennie T. Peacock and J. W. Mott, defendants in the cross-action brought by appellants.

Appellee, Wright, contends that the failure of the judgment to dispose of appellants' cross-action against Mrs. Peacock and J. W. Mott should not keep the judgment from being final. He urges that the controversy over the title to the land was between him and the Blackburns; that the Blackburns brought Mrs. Peacock and J. W. Mott into the case by their cross-action and that the burden was on the Blackburns to establish their cause of action against such parties; that they did not discharge such burden and, therefore, the failure of the judgment to dispose of the cross-action against the third parties defendants did not keep the judgment in the main suit from being final.

■ Without question, it is the general rule that an appeal will lie only from a final judgment, by which it is meant that the judgment must dispose of all parties and all issues involved in the suit. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377.

It has also been held that a judgment is not final and reviewable on appeal where it fails to expressly or by implication dispose of a cross-action between defendants. Holifield v. Cosden Pet. Corp., Tex.Civ. App., 170 S.W.2d 500; Kosse National Bank v. Derden, 36 S.W.2d 295; Works v. Phoenix Auto Finance Co., Tex.Civ. App., 219 S.W.2d 840; Owen v. Smith, Tex. Civ.App., 237 S.W. 955.

■ The cross-action by Mrs. Gertrude Blackburn and husband against Mrs. Jennie T. Peacock stated a cause of action against her and there was some evidence in support thereof. Under such circumstances, it cannot be presumed that the cross-action was dismissed or abandoned merely because it was not mentioned in the judgment. 3A Tex.Jur. page 109. There was no language in the judgment which expressly or by implication disposed of such cross-action. The judgment was, therefore, not final and not appealable.

The appeal is dismissed.