**ATOKA, INC., Appellant,**

v.

**R. E. THORNTON, Appellee.**

**No. 4503.**

Court of Civil Appeals of Texas, Eastland.

Feb. 11, 1972.

Rehearing Denied March 10, 1972.

Thompson, Knight, Simmons & Bullion (Frank Finn, Jr.), Dallas, for appellant.

Jennings, Montgomery & Dies (Frank Jennings), Graham, for appellee.

McCLOUD, Chief Justice.

This is a summary judgment case. Atoka, Inc., a Minnesota corporation, which will sometimes be referred to as Atoka (Minnesota), sued R. E. Thornton alleging that Thornton, the owner of a production payment, had been overpaid from proceeds of production belonging to plaintiff. Plaintiff alleged that Thornton with full knowledge of the overpayment retained and converted its funds. The trial court entered summary judgment for Thornton and Atoka (Minnesota) has appealed. We reverse and remand for trial.

Appellant contends the summary judgment proof failed to establish the nonexistence of genuine material issues of fact. We agree. Appellee, Thornton, challenges appellant's right and standing to bring the action. Thornton owned the working interest in certain oil and gas properties. He assigned this interest to Megargel Drilling Company and Murphy Brothers on December 28, 1965. In the assignment he reserved the production payment in question. Sec. 8.0 of the assignment provides:

"Assignees and Assignees' successors or assigns shall not sell all or any portion of the working interest under the property herein conveyed to any person, persons, firm or corporation, without the written consent of Assignor, and those claiming under said Assignor."

In an affidavit in support of his motion for summary judgment Thornton states that he never gave his written consent to the assignment of any portion of the working interest in the properties in question to appellant, Atoka (Minnesota). We think appellant adequately meets this argument, for purposes of summary judgment, in its affidavit filed in opposition to appellee's motion for summary judgment. The affidavit is made by Roy Strong who states that he had been president of Atoka, Inc., a Texas corporation, which will sometimes be referred to as Atoka (Texas), since 1965 and was president of Atoka, Inc., a Minnesota corporation, from 1967 to January 15, 1971; that in 1966 a dispute arose between Atoka (Texas) and Megargel and Murphy concerning the working interest in the oil and gas properties in question; that Thornton, an attorney, represented all parties in the compromise of the controversy which resulted in Atoka (Texas) purchasing from Megargel and Murphy the working interest subject to the production payment owned by Thornton; that Thornton had full knowledge of this transaction; that the production payment paid out in November of 1967; that Atoka (Texas) had no knowledge that the production payment had been satisfied; and, that in Au-

gust of 1969 Atoka (Texas) assigned to Atoka (Minnesota) for good and valuable consideration, all right, title and interest to any and all claims which it had against Thornton or any other person for recovery of payments made to persons after the production payment had been satisfied.

■ The affidavit states that Thornton represented all parties in the 1966 controversy between Atoka (Texas) and Megargel and Murphy, and further that he had personal knowledge that the working interest was purchased by Atoka (Texas). Under Sec. 8.0 no sale of the working interest could be made without the written consent of Thornton. However, we think the affidavit of Strong raises genuine material issues of fact as to waiver and estoppel.

■ Strong says further that in August 1969 Atoka (Texas) assigned to Atoka (Minnesota), not the working interest, but its cause of action against Thornton. It has long been held in Texas that a chose in action may be assigned. Hopkins v. Upshur, 20 Tex. 89 (1857).

The Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup. 1970) stated the rule to be followed in rendering or affirming a summary judgment in favor of a defendant. The Court said:

"In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

See also 4 McDonald, Texas Civil Practice, Judgments, Sec. 17.26.2.

The production payment was pledged by appellee to City National Bank of Wichita Falls to secure the payment of an indebtedness to the bank. Thornton testified by deposition that he was acting as a stakeholder except he did not have the money; that all of the oil checks went to the bank from the oil and gas purchasing companies; that he knew when the production payment paid out; that the checks continued to come to the bank after the production payment was paid out; that these checks were apparently cashed by the bank and the proceeds then put into cashier's checks and made payable to the bank and Thornton; and that he endorsed the checks and returned them to the bank who apparently deposited the funds to the credit of Megargel Drilling Company and Murphy Brothers. We think such deposition testimony by appellee, an interested witness, raises genuine material fact issues.

Furthermore, appellee stated in his deposition that he presently had in his possession certain checks representing proceeds of production from the working interest in question. He said the checks did not belong to him and he was not claiming any interest in the proceeds. He stated he would tender the checks into court so that it could be determined who was entitled to the funds. Appellant, Atoka (Minnesota), claims that these funds rightfully belong to it as assignee of the cause of action that Atoka (Texas) had against appellee.

We think the summary judgment evidence demonstrates that material fact questions exist and we hold that appellee did not establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of appellant's cause of action.

The judgment is reversed and the cause remanded for trial.